**Daniel SMITH, Plaintiff,**

v.

**AMERICAN FEDERATION OF MUSICIANS OF UNITED STATES AND CANADA, and Bridgeport Musicians' Association, Local 63, A.F. of M., Defendants.**

**No. 68 Civ. 2937.**

United States District Court
S. D. New York.
May 6, 1969.

fendant American Federation of Musicians of the United States and Canada ("the Federation") in affirming the dismissal by the co-defendant, Bridgeport Musicians' Association, Local 63 ("Local 63") of plaintiff's claims of unlawful discharge, and in ordering the erasure of his name from the membership roll of his home Local 802 in New York, for failure to pay a fine imposed by Local 63 for evading its procedures, constituted disciplinary action within the meaning of the phrase "otherwise discipline" in LMRDA § 101(a) (5), 29 U.S.C. § 411 (a) (5) (1964), and that it was unlawful because the charges lacked specificity and because plaintiff was not given a full and fair hearing.

The action was originally brought on July 17, 1968, only against the Federation. It moved on August 5, 1968, pursuant to F.R.Civ.P. 19, to dismiss the complaint for failure to join Local 63 as an "indispensable party." A full statement of the facts of this case will be found in Judge Herlands' opinion on that motion, Smith v. American Federation of Musicians of U. S. and Canada, 46 F.R.D. 24 (S.D.N.Y.1968), in which he found that Local 63 was a person "needed for just adjudication," F.R.Civ.P. 19, as it had an interest in the action and failure to join it would as a practical matter impair or impede its ability to protect that interest. Since its joinder would not deprive the court of jurisdiction over the subject matter, and since it was subject to process, F.R.Civ.P. 19, Judge Herlands accordingly ordered that Local 63 be joined, the proper procedure pursuant to Rule 19, rather than the dismissal for failure to join sought by the Federation. Plaintiff, on February 3, 1969, filed an amended complaint substantially identical to the original complaint, joining Local 63 as a defendant.

Defendant Local 63 now moves, pursuant to F.R.Civ.P. 19(a) to dismiss the amended complaint as against it on the ground that venue does not lie in this district. Venue for this action is

Godfrey P. Schmidt, New York City, for plaintiff.

Jerome H. Adler, New York City, Bertram Diamond, Baker & Diamond, Stamford, Conn., for defendant, Bridgeport Musicians' Assn., Local 63.

## MEMORANDUM

BONSAL, District Judge.

The amended complaint in this action brought pursuant to Title I of the Labor Management Reporting and Disclosure Act ("LMRDA") § 102, 29 U.S.C. § 412 (1964), charges that the actions of de-

determined by LMRDA § 102, 29 U.S.C. § 412, which provides:

"Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located."

The acts of Local 63 of which plaintiff complains were committed in Connecticut, and the principal office of Local 63 is in Connecticut. Venue therefore lies only in Connecticut, and the motion to dismiss the action as against Local 63 is granted.

 Defendant Local 63 at argument, and again in an additional affidavit submitted to the court out of an expressed concern that "the nature of the Motion pending before the court may have been obscured, rather than clarified, by oral argument," stressed emphatically that its motion was addressed solely to the narrow question whether venue lies in this district as to it, and not to the question whether, if it does not, the action should also be dismissed against defendant Federation. Whatever purpose defendant Local 63 may have in seeking so to narrow the issue before the court, a reading of F.R.Civ.P. 19(b) makes it quite clear that the issue cannot be so narrowed. Rule 19(b) provides:

"*Determination by Court Whenever Joinder not Feasible.* If a person as described in subdivision (a) (1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder."

The court must therefore determine whether this action should now proceed against the remaining original defendant, the Federation, or whether it should be dismissed. Judge Herlands in his decision on the joinder motion carefully analyzed the considerations present in the case, and there is nothing to indicate that anything has occurred which should change his analysis. He found that Local 63 was a person needed for just adjudication, as stated above, and that it was the only person likely to suffer any prejudice from non-joinder. Thus, under the first consideration of Rule 19 (b), a judgment in the absence of Local 63 will not prejudice those who are already parties.

On the other hand, with regard to the second consideration, prejudice to Local 63 cannot be avoided by protective provisions in the judgment, by the shaping of relief, or other measures, as the possible prejudice to Local 63 will arise from the very nature of the relief which must be granted if plaintiff prevails.

With regard to the third consideration, Judge Herlands specifically found that a judgment rendered in Local 63's absence would be adequate, 46 F.R.D. at 26.

Finally, with regard to the fourth consideration, if the action is dismissed for non-joinder, plaintiff will not have an adequate remedy. The Supreme Court has quoted, apparently with approval, the Advisory Committee gloss on "adequate remedy":

"The Court should consider whether there is any assurance that the plaintiff, if dismissed, could sue effectively in another forum where better joinder would be possible." Provident Bank v. Patterson, 390 U.S. 102, 109 n. 3, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

Venue in this action against the Federation lies only in New York, where it has its principal office and where the alleged violations occurred. Obviously, if plaintiff cannot sue the Federation in Connecticut (there is no reason to believe that the Federation would waive its objection to venue), plaintiff will be unable to join Local 63. Counsel for the Federation stated at oral argument that the Federation would be willing to abide by the results of any Connecticut action against Local 63; plaintiff brought this action, however, against the Federation, not Local 63.

With regard to the possible prejudice to Local 63, the Advisory Committee observed that:

> "the absentee may sometimes be able to avert prejudice to himself by voluntarily appearing in the action or intervening on an ancillary basis. * * The court should consider whether this, in turn, would impose undue hardship on the absentee." 39 F.R.D. 92 (1966).

Local 63 has chosen for its own reasons to stand on its venue objection. As Judge Herlands observed, voluntary intervention under F.R.Civ.P. 24(b) is also an available option. There is no apparent hardship which either of these alternatives would appear to impose on Local 63, particularly in view of the fact that the same counsel appear to be defending both actions.

Since the considerations against dismissing the action against the Federation are quite substantial, and the consideration in favor of dismissing is within Local 63's own control, the action against the Federation shall not be dismissed, but shall instead proceed in the absence of Local 63.

The motion to dismiss the action as against the defendant Local 63, on the ground that venue does not lie in this district, is granted, and the action against the Federation shall proceed in this district in the absence of Local 63.

It is so ordered.