556 F.2d 758
 15 Fair Empl.Prac.Cas. 680, 14 Empl. Prac.
Dec. P 7750
Elmo V. MYERS et al., Plaintiffs-Appellees,
v.
GILMAN PAPER CORPORATION, Defendant-Appellee,
v.
INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS (AFL-CIO), et al., Defendants-Appellants.
 No. 75-2201.
 United States Court of Appeals,
Fifth Circuit.
 July 29, 1977.
Certiorari Dismissed Aug. 29, 1977.
See 97 S.Ct. 28.
 
 J. R. Goldthwaite, Jr., Atlanta, Ga., Louis P. Poulton, Plato E. Papps, Washington, D. C., for IAM, etc.
 Jerome A. Cooper, John C. Falkenberry, Birmingham, Ala., for L.741, IBEW.
 James E. McAleer, Jr., Savannah, Ga., Michael H. Gottesman, Frank Petramalo, Jr., Washington, D. C., Benjamin Wyle, New York City, for UPIU.
 Louis Sherman, Elihu I. Leifer, Washington, D. C., Stanley Karsman, Savannah, Ga., for IBEW.
 Fletcher Farrington, Savannah, Ga., Jack Greenberg, Morris J. Baller, New York City, Taylor, Bishop & Lee, Brunswick, Ga., for E. Myers, et al.
 Guy O. Farmer, II, Jacksonville, Fla., Nolly S. Evans, O. Peter Sherwood, New York City, for Gilman, etc.
 Abner W. Sibal, Gen. Counsel, E.E.O.C., Joseph T. Eddins, Jr., Assoc. Gen. Counsel, Beatrice Rosenberg, Atty., Charles L. Reischel, Atty., Marian Halley, Atty., Washington, D. C., for amicus curiae.
 Appeals from the United States District Court for the Southern District of Georgia.
 ON PETITIONS FOR REHEARING
 Before RIVES*, GEWIN and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This matter is before us upon the joint petitions of appellant Unions for rehearing and the separate IBEW petition for rehearing, and the responses of the Company[1] and the appellees. Subsequent to the decision and judgment of the district court[2] and our opinion and judgment on appeal,[3] the Supreme Court rendered three pertinent decisions: International Brotherhood of Teamsters v. United States, --- U.S. ----, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); United Air Lines, Inc. v. Evans, --- U.S. ----, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), and Trans World Airlines, Inc. v. Hardison, --- U.S. ----, 97 S.Ct. 2264, 53 L.Ed. 113 (1977). The principal import of those decisions for this case is the holding that "bona fide" seniority systems, that is, systems which are facially neutral, which did not have their genesis in racial discrimination, and which were negotiated and have been maintained free from any illegal purpose, do not violate Title VII even though they perpetuate the effects of an employer's discrimination. Teamsters, supra, --- U.S., at ---- - ----, 97 S.Ct. 1843.
 
 
 2
 The theory on which this case proceeded in the district court and in this court was succinctly stated by the district court:
 
 
 3
 All that need be shown (to establish a prima facie Title VII case) is that, prior to the effective date of the Act, the Company engaged in racial discrimination and that, after the effective date of the Act, the previous discriminatory policies were carried forward by the racially neutral practices of the Unions. 392 F.Supp. at 423 (emphasis added).
 
 
 4
 See also 544 F.2d at 848. This theory was based on well-established Fifth Circuit precedents. Justice Marshall observed in his dissent in Teamsters:
 
 
 5
 As the Court also concedes, with a touch of understatement, "the view that § 703(h) does not immunize seniority systems that perpetuate the effects of prior discrimination has much support." Ante, at ---, n. 28 (97 S.Ct., at 1860, n. 28). Without a single dissent, six courts of appeals have so held in over 30 cases, and two other courts of appeals have indicated their agreement, also without dissent. --- U.S. at ----, 97 S.Ct. at 1876 (footnotes omitted).
 
 
 6
 Many of the decisions cited by Justice Marshall in his supporting footnote 2 were rendered by this court, and the recent Supreme Court cases have severely called into question their rationale and holdings.
 
 
 7
 It is clear at least that the judgments of the district court and this court cannot stand on the theory this case has proceeded on to date. Accordingly, we amend and modify our opinion to vacate and reverse the district court order finding the Unions liable and approving the consent decree except for the district court's approval of the monetary settlement between appellees and the Company, which is affirmed.[4]
 
 
 8
 The Unions have asked us to remand with directions to dismiss, and appellees have asked us to find that the seniority systems in questions were not "bona fide." We decline to do either. We remand the case to the district court to determine whether appellees can proceed on other theories, whether new findings of fact must be made, and whether appellees should be allowed to present additional evidence relevant to the issues raised in the complaint. Except as our previous opinion is modified herein, the petitions for rehearing are denied.
 
 
 9
 REVERSED and VACATED IN PART, AFFIRMED IN PART, and REMANDED.
 
 
 
 *
 Judge Rives was a member of the panel that heard oral argument but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46
 
 
 [1]
 The Company's only response was to advise the court "that Gilman Paper Company will not file a response to the recently filed Petition for Rehearing in Light of Intervening Supreme Court Decisions."
 
 
 [2]
 Reported at 392 F.Supp. 413 (S.D.Ga.1975)
 
 
 [3]
 The court's previous opinion in the instant case, dated January 3, 1977, appears at 544 F.2d 837. We granted a stay of the mandate pending the filing of a petition for certiorari, and a further stay for consideration of the instant petitions for rehearing
 
 
 [4]
 The Unions in their original briefs on appeal challenged the consent decree in all respects. They now appear to have abandoned any challenge to the monetary settlement aspect of the decree, as suggested in the following passage, among others, from the Unions' "Petition for Rehearing in Light of Intervening Supreme Court Decisions":
 There remains the question of what, if anything, is left of this case. If plaintiffs had not settled with the company, they could now seek an opportunity to litigate claims of post-Act Company discrimination violative of Title VII. However, having settled with the Company, we believe that plaintiffs have no viable claims remaining under Title VII.
 Regardless of whether the Unions have abandoned their challenge to this aspect of the consent decree, we reiterate our affirmance of the monetary settlement.