**Billie GERSBACHER, An Individual,**
**Plaintiff,**

v.

**COMMERCIAL CARRIERS,**
**INC., Defendant.**

Civ. No. 81–71646.

United States District Court,
E. D. Michigan, S. D.

Sept. 8, 1981.

Ann Curry Thompson, Detroit, Mich., for plaintiff.

C. John Holmquist, Jr., Bloomfield Hills, Mich., for defendant.

MEMORANDUM RE: DEFENDANT'S MOTION TO ADD A PARTY FOR JUST ADJUDICATION

THORNTON, District Judge.

Defendant herein has moved, pursuant to Rule 19 F.R.Civ.P., to add Teamsters Local No. 299 as a defendant. Plaintiff opposes defendant's Motion. Oral argument has been had and briefs have been filed by counsel for the respective parties. We quote from plaintiff's Memorandum in Response to defendant's Motion as follows:

This action was commenced against Defendant Commercial Carriers, Inc., pursuant to § 301 of the Labor Management Relations Act, seeking to restore Plaintiff's seniority rights and lost wages. Plaintiff alleges that Defendant unilater-

ally and independently breached the collective bargaining agreement which governed his employment relationship, and that Plaintiff's union, Local 299 of the International Brotherhood of Teamsters, breached its duty of fair representation. On June 22, 1981, Defendant filed a motion to join Local 299 as a defendant in this action, pursuant to Rule 19 of the Federal Rules of Civil Procedure.

It is the position of defendant that Teamsters Local 299 is a necessary party within the meaning of Rule 19. Defendant states in its Memorandum in Support of its Motion as follows:

CCI and Local 299 are signatory to a collective bargaining agreement which governs the terms and conditions of work of CCI's employees in the greater Detroit area. Plaintiff has alleged that CCI has violated the collective bargaining agreement and that Local 299 failed to properly represent Plaintiff in the processing and the presentation of his grievance concerning his seniority. As is set forth in greater detail below, CCI submits that Teamsters Local No. 299 is a party needed for just adjudication within the meaning of Rule 19 of the Federal Rules of Civil Procedure.

Defendant further states at Page 3 of its Memorandum in Support of its Motion as follows:

The Complaint in this case alleges a breach of the collective bargaining agreement by CCI, a breach of the duty of fair representation by Local 299 in the investigation, processing, preparation and presentation to the Tri-City Local Committee of Plaintiff's grievance. The Complaint also alleges that CCI and Local Union No. 299 individually and in concert acted to undermine the arbitral process and engaged in conduct intended to harm Plaintiff.

It should be pointed out that in his Complaint plaintiff seeks no relief against Local 299 albeit he charges Local 299 with breaching its duty of fair representation. Paragraphs 28 through 30 of plaintiff's Complaint appear as follows:

28. At all times relevant hereto, Local 299 International Brotherhood of Teamsters had a duty toward Plaintiff to refrain from acting in an arbitrary, discriminatory or bad faith manner and to fairly represent him without hostility before the employer and before the Joint Arbitration Committee.

29. Notwithstanding said duty and in breach thereof, Local 299, by and through its agents, employees and officers:

(a) Failed to properly represent Plaintiff when the seniority merger was negotiated by insuring that all employees', including Plaintiff's, seniority rights were safeguarded.

(b) Failed to properly represent Plaintiff before the company by neglecting in a bad faith and discriminatory manner to rectify the loss of Plaintiff's seniority rights.

(c) Failed to properly investigate Plaintiff's grievance;

(d) Failed to process Plaintiff's grievance in a timely manner;

(e) Failed to properly represent Plaintiff before the Joint Arbitration Committee by presenting the grievances in a perfunctory manner, by making no arguments on his behalf, and by taking the position that Plaintiff had no valid grievance;

(f) Failed to properly represent Plaintiff before the Joint Arbitration Committee either out of inexcusable ignorance of relevant contractual provisions which supported Plaintiff's seniority claim, or in the alternative, out of bad faith and hostile intent to deceive the Committee regarding Plaintiff's seniority rights and fraudulent intent to conceal relevant, critical evidence which established Plaintiff's claim;

(g) Failed to appoint competent representatives to protect Plaintiff's interest at the arbitration hearing.

30. The aforesaid conduct amounts to arbitrary, discriminatory and bad faith conduct which breaches the Union's duty of fair representation.

We also set forth herein Paragraphs 32 and 33. (With emphasis supplied).

32. The conduct of Defendant Commercial Carrier and Local 299, *acting individually and in concert*, undermined the arbitral process to the extent that Plaintiff was deprived of a full and fair hearing.

33. The conduct of Defendant Commercial Carrier and Local 299, *acting individually and together*, was intentional and designed to cause Plaintiff great harm, thereby entitling Plaintiff to exemplary and/or punitive damages.

Plaintiff suggests that he must, in order to prevail against defendant here, prove that non-party Local 299 did in fact breach its duty of fair representation. The cases cited by the parties in support of their respective contentions are only mildly helpful here because in each such case there was present one or more factors which make such case distinguishable from the instant case. For example, plaintiff cites *Sandobal v. Armour & Co.*, 429 F.2d 249 (8th Cir. 1970) as being supportive of his position that the Union's presence is not necessary. As defendant points out in its Reply Memorandum the only remedy there sought was money damages. Here plaintiff seeks reinstatement with full seniority. In another case cited by plaintiff the statute of limitations was held to preclude the acts against the Union. *Smart v. Ellis Trucking Co.* 580 F.2d 215 (6th Cir. 1978). The cases relied on by the parties herein involve points of fact or of law which distinguish them from those present in the instant case.

In light of the allegations in the Complaint and of the relief sought the Court concludes that Local 299 should be added as a party defendant in order for a just adjudication to be reached.

An order may be presented accordingly.