**Arthur J. BELLAMY, et al., Plaintiffs,**

v.

**ROADWAY EXPRESS, INC., et al., Defendants.**

No. C 86–205A.

United States District Court, N.D. Ohio, E.D.

Feb. 11, 1987.

Barbara Harvey, Detroit, Mich., Dan Wilson, Vogel & Wilson, Akron, Ohio, for plaintiffs.

Edward Kaminski, Buckingham, Doolittle & Burroughs, Richard Bennett, Akron, Ohio, Joseph Santucci, Jr., Washington, D.C., Paul Lefkowitz, Climaco, Climaco, Seminatore & Lefkowitz, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION

DOWD, District Judge.

### I. INTRODUCTION

On January 28, 1986, plaintiffs Arthur J. Bellamy, Grady L. Shaver III, and George Walcott filed the present action against the defendants Roadway Express, Inc., ("Roadway") and International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("IBT"). Alleging breach of a collective bargaining agreement, plaintiffs invoked the jurisdiction of this Court under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Further alleging handicap discrimination, plaintiffs invoked jurisdiction under the Rehabilitation Act of 1973, 29 U.S.C. § 794. Plaintiffs claim that they were discharged from their employment after being wrongfully accused of using unlawful drugs.

Before the Court are two motions: motion of defendant Roadway Express, Inc. for judgment on the pleadings, or, in the alternative, to sever plaintiffs' actions (docket # 18); and defendant International Brotherhood of Teamsters' motion to dismiss the complaint or, alternatively, for summary judgment (docket # 26). Because the two motions are intertwined, the Court will address them both in this memorandum opinion.

For the reasons that follow, the Court makes the following rulings upon the motions:

Regarding the Motion of defendant Roadway Express, Inc. for judgment on the pleadings, or, in the alternative, to sever plaintiffs' actions (docket # 18):

1. The motion is granted as it relates to the plaintiffs' claim of handicap discrimination. Accordingly, Count V is dismissed, and the plaintiffs are given leave until March 6, 1987 to file an amended complaint as to Count V only.

2. The plaintiff George Walcott's claims under 29 U.S.C. § 185 are dismissed.

3. The Court will hold in abeyance that part of the motion relating to severance of the plaintiffs' actions.

4. The motion is overruled in all other respects.

5. The Court gives Teamsters Local Union No. 229 and Teamsters Local Union No. 480 leave until March 16, 1987 to file a motion to intervene if they so desire. For this reason the Court instructs the clerk to mail a certified copy of this Memorandum Opinion and accompanying Judgment Entry to the following:

1. International Brotherhood of Teamsters,
Local No. 229
3104 N. Main Avenue
Scranton, Pa.
2. International Brotherhood of Teamsters,
Local No. 480
643 Spence Lane
Nashville, Tenn.

It is further ordered that the defendant International Brotherhood of Teamsters' motion to dismiss the complaint or, alternatively, for summary judgment (docket # 26) is overruled.

### II. FACTUAL BACKGROUND

The case involves three plaintiffs, Arthur J. Bellamy, Grady L. Shaver III, and George Walcott. Within the context of a memorandum filed with the Court, the plaintiff Walcott has indicated that his § 301 action may be time barred and that therefore he "will not press this claim any longer." *See* Plaintiffs' Memorandum in Response to Reply of Defendant Roadway Express, Inc. to plaintiffs' Brief in Opposition to Roadway's Motion for Judgment on the Pleadings (docket # 24) at p. 7. Ac-

cordingly, the Court dismisses plaintiff Walcott's § 301 claims, and will discuss his position only as it relates to the claim of handicap discrimination.

The three plaintiffs are members of the defendant Teamsters Union and are former employees of defendant Roadway. This lawsuit arises out of the circumstances surrounding the plaintiffs' discharge from Roadway and the subsequent grievance procedures which resulted in all three discharges being sustained. A somewhat detailed account is necessary to understand the issues presently before the Court.

Each of the three plaintiffs lives in a different locality and belongs to a different Teamsters Local Union. Plaintiff Bellamy resides in Stroudsburg, Pennsylvania, and is a member of Teamsters Local Union No. 229. Plaintiff Shaver resides in Nashville, Tennessee, and is a member of Teamsters Local Union No. 480. Plaintiff Walcott resides in Chatanooga, Tennessee, and is a member of Teamsters Local Union No. 515.

All three plaintiffs were employed under the terms of a National Master Freight Agreement, which is a multi-union, multi-employer collective bargaining agreement. Roadway and each of the three plaintiffs' local unions are parties to this agreement.

On three different dates in June and July of 1985, the three plaintiffs were discharged by Roadway after the results of their annual DOT physical exams indicated that they were using unlawful drugs. The discharges were allegedly pursuant to the provisions of the National Master Freight Agreement, which contained provisions for discharge of drug users.

Claiming that the test results were inaccurate and that the procedures for drug testing were not properly followed under the terms of the collective bargaining agreement, all three plaintiffs grieved their discharges. Bellamy's discharge was sustained by the Central Pennsylvania Joint Area Grievance Committee. Shaver's and Walcott's discharges were both sustained by the Southern Multi-State Grievance Committee.

Plaintiffs then filed this action, naming as defendants their former employer Road-way Express and the International Brotherhood of Teamsters. The plaintiffs did not name their local unions as defendants. Count I of plaintiffs' complaint alleges a breach of the collective bargaining agreement by Roadway. Count II alleges breach of the duty of fair representation by the International Union. Count III alleges breaches of the duty of fair representation by the local unions. Count IV seeks to vacate the grievance determinations of the joint area grievance committees. Count V alleges a claim of handicap discrimination against defendant Roadway.

The Court will now address the pending motions of the two defendants.

## MOTION OF DEFENDANT ROADWAY EXPRESS, INC. FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, TO SEVER PLAINTIFFS' ACTIONS

Roadway moves for judgment on the pleadings, asserting the insufficiency of the plaintiffs' claims for handicap discrimination and for breach of the collective bargaining agreement by defendant Roadway. Alternatively, Roadway moves for severance on the basis that there is no common question of law or fact among the three plaintiffs' cases.

### A. *Plaintiffs' Claims of Handicap Discrimination.*

Plaintiffs allege that Roadway discharged them in violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which states in relevant part:

> No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

In order to prevail on a handicap discrimination claim, plaintiffs do not dispute that

they must show that defendant Roadway received "federal financial assistance" within the meaning of 29 U.S.C. § 794. In seeking judgment on the pleadings, defendant Roadway has summarized its position as follows:

§ 794 prohibits handicap discrimination by employers who receive federal grants, or, employers who are working on federally-funded programs. There are no allegations in the Complaint that Roadway is such an employer. Moreover, the fact is that Roadway does not receive federal grants nor perform work on federally-funded programs. Brief in Support of Motion of Defendant Roadway Express, Inc. for judgment on the pleadings, or, in the alternative, to sever plaintiffs' actions (docket # 18) at pp. 3-4.

In response, the plaintiffs concede the distinction between an entity that receives governmental "assistance" and an entity engaged in ordinary market transactions to which the federal government is a party. Plaintiffs also concede that, if Roadway falls solely into the latter category, plaintiffs cannot maintain a private cause of action under 29 U.S.C. § 794. However, plaintiffs note that the term "federal financial assistance" has been very broadly construed to encompass assistance of any kind, direct or indirect. *See, e.g., Consolidated Rail Corporation v. Darrone*, 465 U.S. 624, 104 S.Ct. 1248, 79 L.Ed.2d 568 (1984); *Arline v. School Board of Nassau County*, 772 F.2d 759 (11th Cir.1985) *cert. granted and limited to other ground*, 475 U.S. 1118, 106 S.Ct. 1633, 90 L.Ed.2d 179 (1986); *Frazier v. Board of Trustees of Northwest Mississippi Regional Medical Center*, 765 F.2d 1278 (5th Cir.1985) *cert. denied* — U.S. ——, 106 S.Ct. 2252, 90 L.Ed.2d 697 (1986); *United States v. Baylor University Medical Center*, 736 F.2d 1039 (5th Cir.1984) *cert. denied* 469 U.S. 1189, 105 S.Ct. 958, 83 L.Ed.2d 964 (1985); *Graves v. Methodist Youth Services, Inc.*, 624 F.Supp. 429 (N.D.Ill.1985); *Henning v. Village of Mayfield Village*, 610 F.Supp. 17 (N.D.Ohio 1985). Plaintiffs claim they are entitled to conduct discovery to determine whether Roadway does in fact receive "federal financial assistance" within the liberally construed meaning of § 504 of the Rehabilitation Act.

The Court agrees with the plaintiffs' position that discovery may be necessary to determine whether Roadway receives federal "assistance," and that therefore the question ordinarily cannot be resolved on a motion for judgment on the pleadings. The present case is troublesome for another reason, however.

■ In examining the pleadings before it, the Court notes that plaintiffs' handicap discrimination claim is filed in Count V of the complaint (paragraphs 66 through 70). In paragraph 68, plaintiffs allege that Roadway "is a contractor with the United States, as defined in 29 U.S.C. § 793(a)." In answering the complaint, Roadway admitted this allegation, which means only that Roadway is a procurement contractor for the federal government. It does not necessarily mean that Roadway receives "federal financial assistance" as defined in § 794. The Court agrees with Roadway that plaintiffs have simply failed to *allege* that Roadway is a recipient of "federal financial assistance." A failure to so allege is fatal to a claim under 29 U.S.C. § 794. Accordingly, the Court dismisses Count V of the complaint, but the Court grants plaintiffs leave until March 6, 1987 to file an amended complaint as to Count V only.

B. *Failure to Join Indispensable Parties.*

■ Defendant Roadway and defendant International Brotherhood of Teamsters allege that this action must be dismissed because the plaintiffs have failed to sue their local unions which are indispensable parties under Rule 19(b), Fed.R.Civ.P. For the reasons that follow, the Court concludes that the local unions are not indispensable parties within the meaning of Rule 19(b).

In support of its "indispensable parties" argument, Roadway asserts that plaintiffs cannot overturn the final and binding grievance committee decisions unless they can prove unfair representation by their

local unions. Roadway reasons that plaintiffs cannot prove unfair representation by the locals because they have not joined them as defendants. Therefore, Roadway concludes, the Court should dismiss this action for failure to join indispensable parties. In support of this argument, Roadway cites the cases of *Gersbacher v. Commercial Carriers,* 91 F.R.D. 533 (E.D.Mich. 1981), and *Kinnunen v. American Motors Corp.,* 56 F.R.D. 102 (E.D.Wis.1972).

The plaintiffs' response is that the union's conduct is merely an element of proof in a § 301 suit, and that the plaintiff must therefore prove a breach by the union but need not sue the union. In support of their argument, plaintiffs assert that Roadway's cases, *Gersbacher* and *Kinnunen, supra,* are now outdated in light of certain language of the Supreme Court of the United States contained in the case of *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The issue in the *DelCostello* case was the statute of limitations to be applied in a hybrid § 301 suit. In what may be characterized as dictum, however, the Supreme Court commented as follows about hybrid § 301 suits:

> Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective-bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. "Yet the two claims are inextricably interdependent. 'To prevail against either the company or the union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.' " .... *The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both. Id.* at 164–65, 103 S.Ct. at 2291 (emphasis added).

Plaintiffs also rely upon the Sixth Circuit decision in *Smart v. Ellis Trucking Co.,* 580 F.2d 215 (6th Cir.1978). In that case, the circuit held that an employee could proceed with his § 301 claim against his employer even after the union had been dismissed from the case because the statute of limitations had run. In so holding, the court stated as follows:

> Nor does it matter that the fair representation claim is barred by the statute of limitations. If Appellant's representation by the union has *in fact* been fundamentally unfair, then the arbitral proceeding is a nullity, and he is free to pursue his § 301 claim against the employer. *Id.* at 218 (emphasis in original).

Roadway attempts to distinguish *Smart v. Ellis* by saying that the holding there was based on the fact that the plaintiff was unable to proceed against the union because of the statute of limitations. Plaintiffs have responded, and the Court agrees, that the distinction is immaterial and that it does not matter whether the union is dismissed for statute of limitations reasons or for any other reason.

Roadway asserts another argument based on the holding of the United States Supreme Court in *Bowen v. U.S. Postal Service,* 459 U.S. 212, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983). The *Bowen* Court held that where a discharged employee's damages are initially caused by his employer's unlawful discharge but are increased by the union's breach of its duty of fair representation, apportionment of the damages is required. Roadway asserts that under *Bowen,* if the local unions here failed to fairly represent the plaintiffs, the locals are liable for part of a back-pay award, but that if the locals are not joined as defendants, Roadway will unfairly be held liable for the whole amount of back pay. For reasons that will be addressed further below in this opinion, the Court does not agree with Roadway that the *Bowen* principle of damages apportionment requires the local unions to be considered indispensable parties to this action.

Defendant IBT has joined in Roadway's assertion that the local unions are indis-

pensable parties to this action.[1] After adopting and incorporating the Roadway arguments discussed above, IBT presents additional reasons why the Court should consider the local unions to be indispensable parties.

IBT first argues that the locals are what are sometimes known as "necessary" parties under Rule 19(a), which is entitled "Persons to be Joined if Feasible." Rule 19(a) states:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

In light of the holding of the Supreme Court in the *Bowen* case, *supra*, the Court agrees with IBT's argument under Rule 19(a), *i.e.*, that the locals are parties in whose absence "complete relief cannot be accorded among those already parties."[2] Under *Bowen*, if plaintiffs were ultimately to prevail on their hybrid § 301 claims,

their local unions could be liable for a portion of the back-pay awards. Absent their joinder as parties, of course, the Court could not enter judgment against the local unions. Under *Bowen*, the employer Roadway would not be jointly and severally liable for that portion of back pay attributable to the locals' breach of the duty of fair representation. Thus the plaintiffs could not be accorded complete relief unless the locals are joined as parties.

Because the local unions are not subject to service of process, however, the Court cannot order their joinder under Rule 19(a). Rather, the Court must determine whether the locals are not only "necessary" under Rule 19(a), but in addition are "indispensable" under Rule 19(b), which states initially:

> If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.

Under the dictates of Rule 19(b), if the Court concludes that the locals are indispensable parties, the Court must dismiss the action. Bearing in mind the standards of "equity and good conscience" set forth in the rule, however, the Court concludes that this action should proceed among the parties presently before the Court.

Rule 19(b) establishes guidelines for the Court to consider when deciding whether an action can proceed or whether it must be dismissed for lack of an indispensable party. Rule 19(b) goes on to state as follows:

> The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might

---

1. *See* Defendant International Brotherhood of Teamsters' motion to dismiss the complaint or, alternatively, for summary judgment (docket #26) at pages 10–15. For the most part, the Court will address the defendant IBT's motion separately. For purposes of clarity, however, the Court will discuss IBT's Rule 19(b) argument along with the Rule 19(b) argument presented by the defendant Roadway.

2. IBT has also presented arguments as to the applicability of Rule 19(a)(2). Since the Court determines that the locals are "necessary parties" under Rule 19(a)(1), the Court need not reach the arguments presented under Rule 19(a)(2).

be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

In applying the first factor, the Court has carefully considered the arguments of Roadway and IBT, both of which claim that extreme prejudice would result from a judgment rendered in the absence of the local unions. Citing *Bowen*, Roadway argues as follows:

> Plaintiffs' failure to join the local unions could result in the Defendant Roadway's liability for backpay that should be the responsibility of the local unions. Hence, Roadway's responsibilities and liabilities are greatly increased by the failure to join the local unions. Reply of defendant Roadway Express, Inc. to plaintiffs' Brief in Opposition to Roadway's Motion for Judgment on the Pleadings (Docket No. 23) at p. 5.

The Court does not agree that Roadway would incur increased liability absent the joinder of the locals. Under the *Bowen* principle of apportionment of damages, Roadway simply could not be held liable for any portion of back-pay awards resulting from a determination that the local unions breached their duty of fair representation. Even before *Bowen* was decided, the Sixth Circuit adhered to that view. In *Smart v. Ellis Trucking Co., supra,* 580 F.2d 215, 218, the Sixth Circuit allowed a § 301 employee to proceed solely against his employer when it appeared that the statute of limitations precluded suit against the union. In a subsequent footnote, however, the Court stated:

> If on remand, the trial court determines that plaintiff is entitled to reinstatement, it will be faced with a further question of the extent to which the employer's liability for any backpay may be limited, should it appear that the employer justifiably relied upon the finality of the arbitration decision upholding the discharge and had no part in undermining the process of arbitration. *Id.* at 219, fn. 6 (citations omitted).

Similarly, in *Ruzicka v. General Motors Corp.,* 523 F.2d 306, 312 (6th Cir.1975), the Sixth Circuit squarely held that a hybrid § 301 action does not trigger joint and several liability on the part of both the employer and the union.

From the foregoing authority, the Court concludes that Roadway's fears of increased liability are unfounded. The Court instead agrees with plaintiffs that *"Bowen* affects only the measure of relief that may be available to the plaintiffs, in the absence of the local unions." Plaintiffs' memorandum in response to reply of defendant Roadway Express, Inc. to plaintiffs' brief in opposition to Roadway's motion for judgment on the pleadings (docket # 24) at p. 6.

Roadway presents another argument which the Court finds more troublesome. With regard to plaintiffs' claims of the mishandling of their discharge grievances, the plaintiffs have alleged that the *local* unions were the ones responsible. On this point Roadway states as follows:

> It is extremely prejudicial to the named Defendants, Roadway and the International Brotherhood of Teamsters, to be required to defend their contract and their actions where the ultimate facts at issue involve neither Roadway nor the International Brotherhood of Teamsters, but rather, they involve the three local unions. Presumably, each Plaintiff will take the witness stand and testify as to the misconduct of his local union. The facts to rebut the testimony of the Plaintiffs will not be within the control of the named Defendants, particularly where the offending unions are not within the jurisdiction of the Court. Reply of Defendant Roadway to Plaintiff's brief in opposition to Roadway's motion for judgment on the pleadings (docket # 23) at p. 4.

While the Court can understand Roadway's concern on this point, the Court is of the opinion that the plaintiffs are the ones who should be even more concerned.

Plaintiffs bear the burden of proof on the issue of unfair representation. If they are unable to conduct full discovery or command the presence of key witnesses at trial, presumably they might be unable to prove their case. In such a situation, of course, the Court would be required to give careful consideration to defense-oriented motions for directed verdict. Short of concluding that the locals are indispensable parties, therefore, the Court concludes that alternative methods exist for avoiding undue prejudice to the named defendants in this case.

IBT has similarly addressed the issue of prejudice in the absence of the joinder of the locals. IBT first notes that the locals themselves might be prejudiced by an adjudication against them of unfair representation when they have had no opportunity to defend such a claim. This assertion overlooks the fact, however, that no judgment can be binding upon the locals as nonparties. Further, if the locals wish to join this action voluntarily, the Court iwll entertain a motion ot intervene by the local unions.[3] A similar approach was taken in *Smith v. American Federation of Musicians,* 47 F.R.D. 152 (S.D.N.Y.1969), a labor case arising under Title I of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 412.

In *Smith,* the plaintiff union members sued the national union but not the local. Upon the Court's finding that the local was a "necessary party" under Rule 19(a), the plaintiff amended his complaint and named the local union as a defendant. Although the local was subject to service of process in that case, it successfully asserted an improper venue objection. With the local union thus dismissed on venue grounds, a further question arose as to whether the local was a Rule 19(b) "indispensable party" such that the entire action would have to be dismissed. The Court held that the local could avert any potential prejudice to itself by filing a motion to intervene under Rule 24(b). Accordingly, the Court de-

clined to find that the local was an "indispensable party" requiring dismissal of the action.

Although this Court recognizes that the locals in the present case are not subject to service of process, the Court considers the distinction immaterial as the defendant locals can waive this objection as well as any objection to improper venue. Accordingly, the Court finds that the interests of the local unions can be adequately protected by means other than declaring them to be "indispensable parties."

IBT also asserts that the existing defendants will be prejudiced by the locals' absence, "since in the absence of a finding that the Local Unions breached the duty of fair representation, plaintiffs' Section 301 claims must fail." Defendant International Brotherhood of Teamsters' motion to dismiss the complaint or, alternatively, for summary judgment (docket # 26) at p. 14. The Court does not quite understand this argument since the difficulty of proof is the plaintiffs' concern, not the defendants'. It can hardly be prejudicial to the existing defendants if the plaintiffs are unable to prove their case.

Turning next to the second and third factors enumerated in Rule 19(b), the Court is confident that, should the need arise, the Court can take measures to ensure that no undue prejudice results from a judgment rendered in the absence of the local unions. The Court also finds that the plaintiffs can obtain adequate relief from such a judgment. Because the locals are not parties, the plaintiffs cannot collect those portions of back-pay awards which are attributable to the fault of the local unions. Thus the plaintiffs might not obtain the fullest extent of the relief they seek. This is not to say, however, that a judgment would not be "adequate," especially if plaintiffs attain their desired goal of reinstatement.

Finally, the Court must consider the fourth factor under Rule 19(b), *i.e.,* "whether the plaintiff will have an adequate reme-

---

**3.** Defendant IBT has provided the Court with the addresses of the local unions. *See* Affidavit of Walter J. Shea attached to defendant IBT's motion to dismiss the complaint, etc. (docket

# 26). This will enable the clerk to mail certified copies of this Memorandum Opinion and accompanying Judgment Entry to the local unions affected.

dy if the action is dismissed for nonjoinder." If the Court dismisses the present action, no one disputes that the statute of limitations will preclude the plaintiffs from pursuing their § 301 claims. There is therefore no question that the plaintiffs will not have an adequate remedy if this action is dismissed.

In conclusion, under the standard of Rule 19(b), the Court finds that "in equity and good conscience the action should proceed among the parties before it...." The Court further concludes that case law fairly strongly supports the plaintiffs' proposition that unions are not indispensable parties to a § 301 suit. *DelCostello, supra, Smart v. Ellis Trucking, supra.* Accordingly, the Court concludes that the plaintiff Bellamy's Teamsters Local Union No. 229 and the plaintiff Shaver's Teamsters Local Union No. 480 are not indispensable parties to the present action.[4]

C. *Severance of Plaintiffs' Claims.*

Defendant Roadway has moved in the alternative that the Court sever the claims of the plaintiffs because each plaintiff in reality has a separate case against Roadway and because the cases share no common question of law or fact.

The Court concludes that it is too early in the litigation process to make an intelligent determination as to whether the three plaintiffs' cases should be severed. Accordingly, the Court will hold the motion to sever in abeyance until the close of discovery, when the parties can better apprise the Court of the similarity and/or diversity of the evidence that is likely to be produced at trial.

IV. MOTION OF DEFENDANT INTERNATIONAL BROTHERHOOD OF TEAMSTERS TO DISMISS THE COMPLAINT OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT

Defendant IBT's motion is based upon three theories: that the IBT does not owe a duty of fair representation to the plaintiffs; that the IBT cannot as a matter of law be held responsible for any breach of the duty of fair representation by the local unions; and that the area grievance committee decisions cannot be overturned as they are entitled to the same deference as are arbitration awards. For the reasons that follow, the defendant IBT's motion is overruled.

IBT claims that it owes no duty of fair representation to the plaintiffs because the IBT is not a signatory to the National Master Freight Agreement (NMFA) and because IBT is not the plaintiffs' exclusive bargaining representative. In response, the plaintiffs essentially assert that IBT's position elevates form over substance. Plaintiffs claim it is immaterial that IBT is not technically the plaintiffs' exclusive bargaining representative nor a signatory to the collective bargaining agreement. Plaintiffs state that the IBT has usurped the power of local affiliates to negotiate on behalf of their own members and that, in reality if not in name, the IBT is the exclusive bargaining representative for the plaintiffs.

In support of this contention, plaintiffs have submitted exhibits, one of which is a photocopy of what purports to be an affidavit of Frank E. Fitzsimmons which was submitted in connection with the case of *Davey v. Fitzsimmons*, 413 F.Supp. 670 (D.C.1976).[5] At the time he signed this affidavit in 1976, Mr. Fitzsimmons was the general president of the IBT. Citing various provisions of Fitzsimmons' affidavit, the plaintiffs have summarized their position as follows:

Local unions provide the International Union's negotiating Committee a power of attorney authorizing negotiations on their behalf. (Fitzsimmons affidavit, para. 9) Local unions do not have the

---

4. As noted earlier, the plaintiff Walcott has indicated that he will not pursue his § 301 claims and thus the Court need not address the situation of the plaintiff Walcott's Local Union No. 515.

5. The Court notes that the plaintiffs have not properly authenticated their exhibits pursuant to the dictates of Rule 56(e), Fed.R.Civ.P. Since defendants have not objected, however, the Court will consider them.

power to reject a national agreement; ratification is by the cumulated vote of the membership, nationwide. (IBT const., art. XVI, sec. 4(a), at 96; Fitzsimmons affidavit, para. 6)

The NMFA establishes a single bargaining unit. (Fitzsimmons affidavit, para. 12). The NMFA itself is a *national* agreement, and members covered by its area supplements do not even have the right to ratify those supplements separately. Plaintiffs' brief in response to defendant International Brotherhood of Teamsters' motion to dismiss the complaint or, alternatively, for summary judgment (docket # 30) at p. 8.

█ As a general rule, the duty of fair representation cannot be extended to a labor organization which is neither an employee's exclusive bargaining representative nor a signatory to the collective bargaining agreement. *See, e.g., Teamsters Local Union No. 30 v. Helms Express Inc.*, 591 F.2d 211, 217 (3d Cir.1979) *cert. denied* 444 U.S. 837, 100 S.Ct. 74, 62 L.Ed.2d 48 (1979). However, the plaintiffs' claim in this case is that, in substance if not in form, the IBT *is* the exclusive bargaining representative of the plaintiffs. In such a case, the IBT can be held liable for breach of the duty of fair representation. *See Alexander v. International Union of Operating Engineers, AFL–CIO*, 624 F.2d 1235, 1240 (5th Cir.1980); *Myers v. Gilman Paper Corp.*, 544 F.2d 837, 851 (5th Cir. 1977), *modified on other grounds* 556 F.2d 758 (5th Cir.1977) *cert. dismissed* 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1977); *Sagers v. Yellow Freight System, Inc.*, 529 F.2d 721, 737 (5th Cir.1976).

In their brief in response to IBT's motion, the plaintiffs have clarified their claims against the International Union. Plaintiffs state that their claim against IBT is not based upon the mishandling of the grievance procedure, but upon the fact that IBT negotiated the controversial drug screening provision in the first place.[6] As plaintiffs have summarized it:

The claim against the International Union is that it breached its duty of fair representation in negotiating that provision with reckless disregard for the clearly foreseeable tragic consequences to bargaining unit members from the misapplication, misunderstanding, and abuse of that provision. Plaintiffs' brief in response to defendant International Brotherhood of Teamsters' motion to dismiss the complaint or, alternatively, for summary judgment (docket # 30) at p. 7.

Thus, while IBT has argued that it cannot be held responsible for the breach of the duty of fair representation by the local unions, plaintiffs have clarified that they are not alleging that the IBT is responsible for the manner in which the grievances were handled. Rather, their claim against IBT is separate and independent from their claim that the grievances were mishandled.

Finally, defendant IBT moves the Court to dismiss Count IV of the complaint, which seeks to overturn the decisions of the joint area grievance committees which upheld the plaintiffs' firings. IBT grounds this portion of its motion in the assertion that such grievance committee awards are entitled to the same degree of deference which has historically been accorded to impartial arbitrators. Whether or not IBT's legal position is correct on this point (and plaintiffs claim that perhaps it is not), the Court need not decide at the present time. Plaintiffs have claimed that, even under the deferential standard accorded arbitration awards, the grievance committee awards should be overturned. The Court presently does not have before it enough information about those grievance committee awards in order to be able to determine whether or not they should be vacated under any appropriate legal standard. Accordingly, the defendants' motion to dismiss Count IV is overruled.

6. The Court is of the opinion that plaintiffs face quite an uphill battle to prevail upon an unfair representation claim which in essence is based upon the theory that the International did a poor job of negotiating. *See, e.g., Humphrey v. Moore*, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); *Ford Motor Co. v. Huffman*, 345 U.S. 330, 339, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1953); *Smith v. Joseph E. Seagram & Sons, Inc.*, 634 F.Supp. 44 (W.D.Ky.1985). Nonetheless, the question is not before the Court at this time.

## V. CONCLUSION

For the reasons stated above, the Court orders as follows:

Regarding the Motion of defendant Roadway Express, Inc. for judgment on the pleadings, or, in the alternative, to sever plaintiffs' actions (docket # 18):

1. The motion is granted as it relates to the plaintiffs' claim of handicap discrimination. Accordingly, Count V is dismissed, and the plaintiffs are given leave until March 6, 1987 to file an amended complaint as to Count V only.

2. The plaintiff George Walcott's claims under 29 U.S.C. § 185 are dismissed.

3. The Court will hold in abeyance that part of the motion relating to severance of the plaintiffs' actions.

4. The motion is overruled in all other respects.

5. The Court gives Teamsters Local Union No. 229 and Teamsters Local Union No. 480 leave until March 16, 1987 to file a motion to intervene if they so desire. For this reason the Court instructs the clerk to mail a certified copy of this Memorandum Opinion and accompanying Judgment Entry to the following:

1. International Brotherhood of Teamsters, Local No. 229 3104 N. Main Avenue Scranton, Pa.

2. International Brotherhood of Teamsters, Local No. 480 643 Spence Lane Nashville, Tenn.

It is further ordered that the defendant International Brotherhood of Teamsters' motion to dismiss the complaint or, alternatively, for summary judgment (docket # 26) is overruled.

IT IS SO ORDERED.