James **KEENAN**

v.

**METROPOLITAN DISTRICT COUNCIL OF PHILADELPHIA and vicinity,** United Brotherhood of Carpenters and Joiners of America, by Robert H. Gray, Secretary-Treasurer

and

Local Union No. 454 of the United Brotherhood of Carpenters and Joiners of America, by John C. McCrae, President

and

United Brotherhood of Carpenters and Joiners of America, by Maurice Hutcheson, President.

Civ. A. No. 36931.

United States District Court
E. D. Pennsylvania.
Nov. 28, 1966.

Edward L. Minnich, Jr., Philadelphia, Pa., for plaintiff.

M. H. Goldstein, Philadelphia, Pa., for defendants.

### SUR MOTIONS TO DISMISS UNDER RULE 12

KIRKPATRICK, District Judge.

This is an action under the Landrum-Griffin Act brought by a union member, against three union bodies, alleging that he was illegally suspended and otherwise disciplined after a trial before the District Council's tribunal. Upon appeal, the Brotherhood, by its General President, acting shortly after the present suit was begun, restored the plaintiff to the privileges of membership and granted all other relief for which he asked, except money damages.

This case was before this Court a year or more ago upon motions to dismiss at which time the Court refused to enter judgment for the defendant unions and held money damages recoverable in an action under the Landrum-Griffin Act, but ordered a more specific statement of the damages claimed and, suspending ruling on the questions whether the Brotherhood was an indispensable party and whether it had been properly served, gave the plaintiff an opportunity to produce evidence in support of the attempted service or to make a new service.

■■ I think that the Brotherhood is an indispensable party. "The distilled essence of the cases discussed is that one whose interests or rights will be adversely affected by the outcome of an action has a *substantive* right to be joined as a party, and that the right forecloses a trial court from proceeding 'to a final decision of the cause' until he is joined as a party." Provident Tradesmens B. & T. Co. v. Lumbermens Mut. Cas. Co., 3 Cir., 365 F.2d 802, 809. The complaint combines two causes of action, (1) that the plaintiff had the right to make the statements for which he had been disciplined, whether slanderous or not, and (2) that his trial was unfair. As to the first of these a provision of the "General Laws" of the

Brotherhood makes "Willful slander or libel of an officer or any member" a punishable offense. The complaint states without qualification that the plaintiff possessed a "privilege to say anything, directly or indirectly, * * * whether or not slanderous, in the absence of actual malice." Obviously, any judgment in favor of the plaintiff based upon his claimed right to slander other members would necessarily involve a ruling that the relevant provision of the Brotherhood's governing statutes is invalid. The Brotherhood has a definite interest in maintaining the integrity of the laws of its organization, and unless it is brought into court, it would be running the risk of the Court's holding part of those laws invalid without having been a party to the suit. As to the second cause of action, the Brotherhood has no interest which could be jeopardized in this suit.

■ I am also of the opinion that the plaintiff has failed to show a valid service of process upon the Brotherhood. Service was attempted to be made at the place of business of the District Council which has not been shown to be either a non-autonomous department or an agent carrying on the business of the Brotherhood, as distinguished from its own business. The Brotherhood's constitution sets up three autonomous bodies at different levels of union activity, and in these circumstances service upon one is not service upon either of the others. The action, therefore, will be dismissed as to the Brotherhood.

■ In view of the above conclusions and of the commingling of the two causes of action pleaded, I will be compelled to dismiss the entire action unless the plaintiff severs his two causes of action and elects to proceed solely upon the charge that his trial by the Council was unfair. An order, therefore, may be submitted dismissing the action unless within fifteen days the plaintiff, either by an amended complaint or by stipulation, eliminates from the action any claim of privilege to slander union members or any allegation which, directly or by necessary inference, attacks the validity of

any part of the Brotherhood's constitution or general laws.

■ That the Court has jurisdiction under the Landrum-Griffin Act to award damages has been decided, but there remains the question of what damages are allowable. When the case was before this Court on the prior motion to dismiss, damages were claimed in a lump sum, but as a result of the Court's order for a more specific statement, damages are now claimed for three items: lost wages, hurt and humiliation, and loss of reputation among fellow union members. This, I think, is a sufficient compliance with the order. The only one of these requiring discussion is the first.

■ Consequential damages such as lost wages were allowed the plaintiff in an action based upon the violation of membership rights by the union in International Ass'n of Machinists v. Gonzales, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018. This decision was distinguished in Local 100, United Ass'n of Journeymen & Apprentices v. Borden, 373 U.S. 690, 83 S.Ct. 1423, 10 L.Ed.2d 638, the Court in the latter case taking the view that the cause of action was not based upon union membership rights, but employment rights. It is true that in San Diego, etc., Union Local 2020 v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed. 2d 775, the Court held that, where a matter was arguably within the jurisdiction of the National Labor Relations Board, state courts had no jurisdiction over it. The rationale of this decision was that federal labor law ought to be uniform throughout the country, and the federal agency to which its enforcement is entrusted should be allowed to administer it. That reasoning does not require the same result in a case under the Landrum-Griffin Act. That act is a statute which is uniform throughout the country and provides that union members may enforce it in the federal courts. When a claim falls clearly within its provisions, uniformity would not be improved by compelling a complainant to apply to a different tribunal for a separate determination as to whether he is entitled to consequential damages. The

best approach, it seems to me, is to adopt the straight-forward one of affording complete relief in a Landrum-Griffin Act suit as was done with respect to a state action in the Gonzales case prior to the adoption of the Landrum-Griffin Act.

The claims for humiliation and loss of reputation are not allowable. International Bro. of Boilermakers, etc. v. Rafferty, 9 Cir., 348 F.2d 307.

An order in accordance with the foregoing may be presented.