Joseph J. KRULIKOWSKY

v.

**METROPOLITAN DISTRICT COUNCIL OF PHILADELPHIA AND VICINITY, per Robert H. Gray, Secretary-Treasurer, and Local Union No. 8, per United Brotherhood of Carpenters and Joiners of America, per same as above and per Ray Ginnetti, General Representative.**

Civ. A. No. 42085.

United States District Court
E. D. Pennsylvania.

June 15, 1967.

Edward L. Minnich, Jr., Philadelphia, Pa., for plaintiff.

M. H. Goldstein, Philadelphia, Pa., for defendants.

## SUR MOTION TO DISMISS

LUONGO, District Judge.

This is a suit by a member of a union seeking damages and injunctive relief for violation of rights guaranteed by the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S. C.A. §§ 411–415. Defendants appear [1] to be the United Brotherhood of Carpenters and Joiners of America (Brotherhood); Local No. 8 of the Brotherhood of Carpenters and Joiners of America (Local); and Metropolitan District Council of Philadelphia and Vicinity (District Council) which is composed of a number of locals (including No. 8) of the Brotherhood in the Philadelphia area.

The suit arises out of charges leveled against plaintiff by the Union, his trial thereon before the trial committee of District Council, and his subsequent expulsion from the Union. The pro-

1. It is not at all clear who are intended as defendants. From the allegations of the complaint and from the caption, it appears that Local is intended as a defendant. The Marshal's return of service, however, reveals no service of process upon Local and it is not before the Court. On the other hand, there is a return of service of "Summons & Complaint on the therein-named Ray Ginnetti by handing to and leaving a true and correct copy thereof with Margaret J. Ginnetti, wife of the within named Ray Ginnetti—as per plaintiff's attorney's in-structions," apparently at Ginnetti's residence. The complaint does not identify Ray Ginnetti as a defendant. He is designated in the caption "Ray Ginnetti, General Representative," apparently as a person through whom service on one or another of the named defendants might be effected. "Robert H. Gray, Secretary-Treasurer," is also named in the caption, but he appears to be named as the person through whom service was to be effected on District Council and on Brotherhood.

ceedings before me are on plaintiff's motion for preliminary injunction seeking restoration to membership pending final hearing. Defendant District Council has moved to dismiss the action on the ground, inter alia, that Brotherhood is an indispensable party and since it has not been served, the Court is without jurisdiction. See Provident Tradesmens Bank and Trust Co. v. Lumbermens Mutual Cas. Co., 365 F.2d 802 (3d Cir. 1966), cert. granted sub nom. Provident Tradesmens Bank and Trust Co. v. Patterson, 386 U.S. 940, 87 S.Ct. 972, 17 L. Ed.2d 872 (1967).

*Brotherhood as Indispensable Party.*

In the proceeding before the trial committee of the District Council, plaintiff was charged with and found guilty of three offenses against the Union: (1) publishing willful libels concerning members of Brotherhood; (2) divulging the business of District Council to unauthorized persons; and (3) assault and battery on two members of Brotherhood. The charges were brought pursuant to Section 55A of the Constitution and Laws of Brotherhood [2] which lists as offenses:

"(1) Causing dissension among the members of the United Brotherhood.
\* \* \* \* \* \*

"(5) Willful slander or libel of an officer or any other member of the United Brotherhood.
\* \* \* \* \* \*

"(8) Divulging to any unauthorized person, the business of any subordinate body without its consent.
\* \* \* \* \* \*

"(13) Violating the Obligation."

2. Charges were also brought under Section 44(b) of the District Council bylaws which contains similar provisions. The trial committee did not consider charges brought against plaintiff under the District Council bylaws, and they will not be discussed.

3. "§ 411. Bill of rights; constitution and bylaws of labor organizations
\* \* \* \* \*
"(5) Safeguards against improper disciplinary action.—No member of any la-

■■■ Plaintiff contends that he had the right to make the statements attributed to him and the Union lacked power to try him for making them, see Salzhandler v. Caputo, 316 F.2d 445 (2d Cir.), cert. denied, 375 U.S. 946, 84 S.Ct. 344, 11 L.Ed.2d 275 (1963), and further, that he was denied the full and fair hearing required by 29 U.S.C.A. § 411(a) (5).[3] The alternative claims are intertwined. The assertion of the first squarely places in issue the validity of certain of the provisions of the constitution of the Brotherhood, making it an indispensable party to these proceedings. Keenan v. Metropolitan Dist. Council, 266 F.Supp. 497, November 28, 1966 (E.D.Pa.),[4] appeal dismissed, No. 16524, 3d Cir., June 13, 1967. As stated by my colleague, Senior Judge Kirkpatrick, in *Keenan*, a case similar in many respects to the instant case:

"'The distilled essence of the cases discussed is that one whose interests or rights will be adversely affected by the outcome of an action has a *substantive* right to be joined as a party, and that the right forecloses a trial court from proceeding "to a final decision of the cause" until he is joined as a party.' Provident Tradesmens B. & T. Co. v. Lumbermens Mut. Cas. Co., 3 Cir., 365 F.2d 802, 809. \* \* \* Obviously, any judgment in favor of the plaintiff based upon his claimed right to slander other members would necessarily involve a ruling that the relevant provision of the Brotherhood's governing statutes is invalid. The Brotherhood has a definite interest in maintaining the integrity of the laws

bor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

4. Reported in 54 CCH Labor Cases ¶ 11,-655.

of its organization, and unless it is brought into court, it would be running the risk of the Court's holding part of those laws invalid without having been a party to the suit * * *."

For the reasons stated by Judge Kirkpatrick, I conclude that the Brotherhood is an indispensable party and this action must be dismissed if the Brotherhood has not been served.

*Service of Process on Brotherhood.*

The Brotherhood maintains no office in this district. Process was served on Robert H. Gray, Secretary-Treasurer of District Council. Plaintiff argues that service on Gray constitutes service on Brotherhood.

Rule 4(d), F.R.Civ.P., provides, inter alia, that service shall be made

"(3) * * * by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service * * *.

* * * * * *

"(7) * * * [or by service] in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon * * * such defendant in an action brought in the courts of general jurisdiction of that state."

It is clear that Gray is not an officer or agent of Brotherhood, he is an officer of District Council. It is plaintiff's theory that District Council is the agent for or is a non-autonomous arm of Brotherhood. If District Council is autonomous and is an entity separate from Brotherhood, service on the one is not effective service on the other either under Pennsylvania law or federal law. See Spica v. International Ladies Garment Workers' Union, 388 Pa. 382, 130 A.2d 468 (1957), construing Pa. R.C.P. 2157(a), 12 P.S. Appendix; Morgan Drive Away, Inc. v. International Bhd. of Teamsters, 268 F.2d 871 (7th Cir.), cert. denied, 361 U.S. 896, 80 S.Ct. 199, 4 L.Ed.2d 152 (1959), construing § 301(d) Labor-Management Relations Act, 29 U.S.C.A. § 185(d). See also International Bhd. of Teamsters v. United States, 275 F.2d 610 (4th Cir.), cert. denied, 362 U.S. 975, 80 S.Ct. 1060, 4 L.Ed.2d 1011 (1960); Keenan v. Metropolitan Dist. Council, supra; Kreshtool v. International Longshoremen's Ass'n, 242 F.Supp. 551 (D.Del.1965).

The precise question of effectiveness of service of process on Brotherhood by service on District Council was also before Judge Kirkpatrick in Keenan v. Metropolitan District Council, supra, and he disposed of it thus:

"Service was attempted to be made at the place of business of the District Council which has not been shown to be either a non-autonomous department or an agent carrying on the business of the Brotherhood, as distinguished from its own business. *The Brotherhood's constitution sets up three autonomous bodies at different levels of union activity,* and in these circumstances service upon one is not service upon either of the others."

(Emphasis supplied.)

In effect, plaintiff urges reconsideration of Judge Kirkpatrick's conclusion that District Council is autonomous. He points to similarities between the constitution and laws of Brotherhood and those of the International Longshoremen's Association in Kreshtool v. International Longshoremen's Ass'n, supra, where such service was upheld.

While there are similarities in the constitutions and bylaws governing the unions in *Kreshtool* and in the instant case, the key to the court's decision in *Kreshtool* is not in the provisions of the Longshoremen's constitution, but rather is in the factual background of the suit. In *Kreshtool*, an officer of the International entered the Local's territory on a number of occasions and directed the Local to strike, contrary to the Local's wishes. The court there held that "[i]n so doing, the International was unquestionably carrying on activities in Delaware, through the intermediation of Lo-

cal 1694, for the purpose of attaining one of its important objectives, and those activities of the International were the genesis of the present suit." (242 F.Supp. at 560). There are no comparable facts in this case. The plaintiff in the instant case asks this court to conclude solely from the provisions of the constitution and laws of Brotherhood that District Council is a nonautonomous entity. That is the precise point on which Judge Kirkpatrick ruled adversely to plaintiff's contention and I have no reason to rule differently. See and compare Claycraft Co. v. UMW, 204 F.2d 600 (6th Cir. 1953); Morgan Drive Away, Inc. v. International Bhd. of Teamsters, supra; and Farnsworth & Chambers Co. v. Sheet Metal Workers Internat'l Ass'n, 125 F.Supp. 830 (D.N.M.1954).

Brotherhood has not been served with process and since it is an indispensable party the action must be dismissed.

*Full and Fair Hearing.*

In *Keenan,* plaintiff was given the opportunity to sever the claims of free speech and unfair trial and to proceed only on the claim of unfair trial, a charge as to which Brotherhood is not an indispensable party. To follow that procedure here might adversely affect plaintiff's rights. If he is granted leave to file an amended complaint on the unfair trial charge alone and if he does so, his right to appeal from the order dismissing the complaint for lack of an indispensable party may be postponed until all claims against all defendants have been adjudicated (see Rule 54(b), F.R.Civ.P.). The dismissal of this action, on the other hand, entitles plaintiff to appeal promptly. At the same time, since there has been no ruling on the merits on the unfair trial charge, plaintiff is free, if he so desires, to file a new complaint on the unfair trial charge against such of the present defendants as are subject to service and proceed to prompt hearing thereon.

An Order of dismissal will be entered.