Daniel **SMITH**, Plaintiff,

v.

**AMERICAN FEDERATION OF MUSICIANS OF the UNITED STATES AND CANADA**, Defendant.

No. 68 Civ. 2937.

United States District Court
S. D. New York.

Dec. 31, 1968.

Godfrey P. Schmidt, New York City, for plaintiff.

Jerome H. Adler, New York City, and Van Arkel & Kaiser, Washington, D. C., George B. Driesen, Washington, D. C., of counsel, for defendant.

### OPINION

HERLANDS, District Judge:

Defendant's motion under Fed.R.Civ.P. 12(b) (7) for an order dismissing the complaint for failure to join an indispensable party raises the apparently novel and substantial question of whether a union local which fined plaintiff and dismissed his grievance is a person "needed for just adjudication," Fed.R. Civ.P. 19, in an action against the international to reverse its affirmance of these allegedly unlawful actions. This question, in the form presented, has, heretofore, not been precisely resolved nor comprehensively discussed, so far

as research by counsel or the Court has disclosed.

Plaintiff, a professional musician, was engaged, by letter dated February 8, 1967, for the then current season (February 28–September 10, 1967) by the Shakespeare Festival Theatre ("Theatre") in Stratford, Connecticut, through Ernest Christopher, its contractor.

On April 22, 1967, plaintiff received a letter from Christopher informing him that, as of May 6, 1967, two weeks hence, his services would be terminated.

Complaining that such summary dismissal was unlawful, plaintiff instituted an intra-union proceeding against the Theatre and Christopher with Local 63 of the American Federation of Musicians of the United States and Canada ("Local 63") (the Bridgeport Local which had jurisdiction over the Theatre and which presumably had executed a formal contract with the Theatre covering musicians there engaged) seeking recovery of pecuniary damages, probably representing wages lost due to the discharge.

Local 63 also had filed intra-union charges against plaintiff for "[b]ypassing Local 63 A.F.M. usurping [sic] its authority on a matter involving an engagement in its jurisdiction covered by a master agreement negotiated by said Local." Plaintiff was found guilty of this charge and fined $200. (Complaint ¶¶ 9, 10).

On June 7, 1967, the Local apparently dismissed plaintiff's claims respecting his discharge and also imposed the fine referred to above. Plaintiff then appealed to the International Executive Board of the American Federation of Musicians ("Federation").

In an "award" dated March 4, 1968, the International Executive Board denied plaintiff's appeals, without discussion, but reduced the amount of the fine to $100. The order also contained a stipulation that, if the fine remained unpaid on April 4, 1968, one month after the Board's decision, plaintiff would be suspended from membership. Plaintiff claims that, on June 13, 1968, the Federation required plaintiff's home Local, Local 802 (New York metropolitan area), to "erase" plaintiff from membership. (Complaint ¶ 15).

The present action was initiated in this Court on July 17, 1968, jurisdiction being predicated on Title I of the Labor Management Reporting and Disclosure Act ("LMRDA") § 102, 29 U.S.C. § 412 (1964). The complaint alleges that the charges filed by the union against plaintiff were lacking in specificity and, therefore, that the fine imposed and the subsequent suspension or expulsion were invalid under LMRDA § 101(a) (5), 29 U.S.C. § 411(a) (5) (1964). Plaintiff seeks a Court order declaring the fine invalid and reinstating plaintiff as a member of Local 802.

As a second cause of action, plaintiff alleges that the Theatre was required by the "master agreement" to enter into a contract with the orchestra conductor which incorporates the by-laws of the Federation and Local 63; and that Article VI, § 14 of the by-laws of Local 63 prohibits the discharge of a musician without stating the "true and exact reason" therefor and also prohibits the discharge of a musician employed after two weeks in a season's engagement. Plaintiff claims that the dismissal of his claims of unlawful discharge based on the foregoing constituted disciplinary action within the meaning of the phrase "otherwise discipline," LMRDA § 101(a) (5), 29 U.S.C. § 411(a) (5) (1964), and that this action was unlawful because plaintiff was denied a full and fair hearing, especially since he was not given nor shown a copy of the "master agreement," though he had repeatedly asked for same.

The Federation contends that the allegations set forth in the pleadings demonstrate that Local 63 is an indispensable party because of its interest (1) in collecting the fine it has imposed, (2) in upholding the validity of its proceedings which have been challenged, and (3) in

sustaining its interpretation of its own by-laws and the effect that they have on collective bargaining agreements.

In opposition to the motion, plaintiff argues, in the main, that the Federation can accord him all of the relief he seeks by virtue of its relationship with the Local, and that, therefore, the Local is not an indispensable party.

## I.

Rule 19 of the Federal Rules of Civil Procedure was amended in 1966 and is now entitled "Joinder of Persons Needed for Just Adjudication." One of the purposes for the redrafting of the Rule was to eliminate, as much as possible, use of terms such as "indispensable" which directed attention to technical or abstract characterizations of rights and obligations rather than to the more important, pragmatic considerations which should control. See Fed.R.Civ.P. 19, Advisory Committee Note, 39 F.R.D. 89, 90 (1966).

The term "indispensable" is intended to be merely a conclusory label that is affixed to interested parties whose non-joinder requires dismissal of the action. Thus, the initial inquiry must be whether Local 63 is so intertwined with the lawsuit that, in its absence, only "hollow" relief can be granted plaintiff, or whether Local 63 has such an interest in the subject matter of the lawsuit that its absence will, as a practical matter, prejudice that interest, or would result in a substantial risk, to those already parties, of multiple or inconsistent obligations.

Plaintiff seeks an order of the Court declaring the invalidity of the disciplinary proceeding and of the dismissal of plaintiff's charges, and an order directing the Federation to revise its "award" of March 4, 1968 accordingly and rescind its expulsion order of June 13, 1968. The Court agrees with plaintiff that such order, if issued by this Court, would fully remedy the alleged wrongs— Local 63 would be obligated, under the constitution and by-laws of both the Federation and Local 63, to effectuate such an "award", and thus the relief accorded would not be hollow but would be complete. Moreover, the Court agrees with plaintiff that the joinder of Local 63 would not enable the Court to fashion or enforce any greater or more viable relief, and thus, looking to this ground alone, Local 63 is not a party whose joinder is necessary for just adjudication.

Nor is the nature of this action such that, in the event this Court orders or denies the relief sought, there would be a substantial risk of any person already a party to this lawsuit being subjected to multiple or inconsistent obligations as a result of any interest which Local 63 might claim arose from the transactions forming the basis of this action; the fine which Local 63 has imposed would not be an enforceable obligation if the Federation, pursuant to Court order, reverses its imposition.

However, the questions of whether or not Local 63 possesses such substantial interest in the subject matter of this litigation, and whether or not this interest would be seriously prejudiced in Local 63's absence are more difficult. Plaintiff's federal causes of action allege that plaintiff was fined without having received in writing a statement of the specific charges of which he was found guilty, and that he was "otherwise disciplined" without being afforded a full and fair hearing in that he was denied access to the "master agreement." Thus, the facts which give rise to the federal claims, and which plaintiff must prove in order to recover, are procedural omissions of Local 63, though plaintiff alleges that they were compounded or finalized by the Federation.

Moreover, plaintiff's theory with respect to the cause of action charging unlawful disciplinary action apparently rests on the obvious disregard of the Local 63 by-laws pertaining to discharge which, allegedly, are integral parts of the collective bargaining agreement. Local 63 ostensibly has ruled that these

by-laws are inapplicable to the suit; and this interpretive position, though affirmed by the Federation, is primarily that of Local 63.

Should the Court rule that plaintiff was improperly "otherwise disciplined" and sustains plaintiff's position on the merits of the question of by-law and collective bargaining agreement interpretation, Local 63's agreement with the Theatre would be affected. As such, the Court must conclude that Local 63 does have a tangible interest in defending its interpretation and its actions, pursuant to this interpretation, relative to plaintiff.

In Keenan v. Metropolitan District Council, 266 F.Supp. 497 (E.D.Pa.1966), appeal dismissed, No. 16,524 (3d Cir. 6/13/67), plaintiff alleged that he was illegally suspended and otherwise disciplined after the District Council had found plaintiff guilty of violating the international's constitution in slandering a member, because the provision was invalid and because he had been denied a fair trial. The court held that the international had "a definite interest in maintaining the integrity of the laws of its organization, and unless it is brought into court, it would be running the risk of the Court's holding part of those laws invalid without having been a party to the suit." 266 F.Supp. at 499. Accord Krulikowsky v. Metropolitan District Council, 270 F.Supp. 122 (E.D.Pa.1967).

Though the Court here is not asked to invalidate any constitutional provision or by-law, it is asked to impart to a by-law of Local 63 a different meaning and much more significant effect than was given. Because the consequences of this Court's so doing will directly and substantially affect Local 63, this Court holds that, as such, Local 63 has a sufficient interest in this lawsuit, which, if subject to a risk of substantial prejudice, would require its joinder as a party.

## II.

Having determined that Local 63 has an interest in the lawsuit, the Court now will consider whether the absence of Local 63 will "as a *practical matter* impair or impede [its] ability to protect that interest * * *." Fed.R.Civ.P. 19(a) (2) (i) (emphasis added). As the Advisory Committee Note, supra, indicates, one of the major purposes of the revision was to place emphasis on pragmatic desiderata and the *practical* effect as opposed to the merely *theoretical* effect of a party's absence. The Federation and Local 63 do, realistically speaking have a community of interest in this action; Local 63 has already submitted its position on the essentials of plaintiff's claim in the appeal proceeding before the International Executive Board. Both Local 63 and the Federation would be, in effect, defending their respective decisions before this Court, which decisions are based, presumably, on the same evidence. Moreover, though the Court does not wish to speculate on the matter and would not base any decision on such grounds, it. is conceivable that should Local 63 be joined as a party, these interests would be jointly presented and defended by the same counsel. Nevertheless, Local 63 and the Federation are separate juridical entities, with separate officers, constitutions and by-laws, physical offices, treasuries, and functions. As such, Local 63 should not be required to have its interests protected by the Federation alone,* nor should the Federation be required to defend, alone, essentially local action.

Of greater importance, perhaps, is the salient fact that, since the acts or omissions which are at the core of the federal claims were effectuated by Local 63 and the various proceedings were begun before Local 63, as a practical matter, the Federation, of its own, would indeed be

---

* Of course, this danger is capable of avoidance by the voluntary intervention of Local 63 under Fed.R.Civ.P. 24(b).

unable to protect the rights and interests of Local 63. Its knowledge of the events would only be gleaned from the appeals proceeding, which might not be admissible or effective evidence. Not joining Local 63 would, as a practical matter, compel Local 63 to assist the Federation at trial. If this will be the practical result in any event, then Local 63 should be made a formal party.

### III.

Once it is determined that Local 63 is a person "needed for just adjudication," Fed.R.Civ.P. 19(a) mandates the Court to order the joinder of such party if so doing will not deprive the Court of jurisdiction over the subject matter of the action and if the party is subject to service of process. Since jurisdiction over this action is predicated on LMRDA § 102, 29 U.S.C. § 412 (1964), the joinder of Local 63 will not oust this Court of jurisdiction over the action. Though Local 63 is not a resident of New York State nor doing business in New York (nor apparently are its officers), it does maintain its principal office in Bridgeport, Connecticut which is less than 100 miles from the United States Courthouse, Foley Square, New York, N. Y. Therefore, pursuant to Fed.R.Civ.P. 4(f), the marshal's service of process at the Local's principal office would be effective. E. g., Coleman v. American Export Isbrandtsen Lines, Inc., 405 F.2d 250 (2d Cir. Nov. 21, 1968). The Court hereby orders the joinder of Local 63, American Federation of Musicians of the United States and Canada, as a party defendant to this action.

Accordingly, since joinder of Local 63 has been ordered, the motion to dismiss under Fed.R.Civ.P. 12(b) (7) is denied without prejudice to its renewal should joinder of Local 63 not be effected within a reasonable time.

So ordered.