**RANGER TRANSPORTATION, INC., Appellee,**

v.

**WAL–MART STORES, Appellant.**

**Nos. 89–2657, 90–1264.**

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1990.

Decided May 18, 1990.

Rehearing Denied June 18, 1990.

---

Ben Core, Ft. Smith, Ark., for appellant.

H.N. Cunningham, III, Dallas, Tex., for appellee.

Before LAY, Chief Judge, MAGILL and BEAM, Circuit Judges.

PER CURIAM.

Ranger Transportation, Inc. (Ranger) brought suit against Wal–Mart Stores, Inc. (Wal–Mart) under 49 U.S.C. § 10744 (1982) alleging unpaid freight charges of $110,562 arising from shipments made in June through November of 1987.[1] Wal–Mart's defense was that it had paid Bell Trucking, Inc. (Bell), and that Bell was, at least ostensibly, Ranger's agent for collection purposes. The jury found Wal–Mart liable in the amount of $73,334. Wal–Mart appeals; we affirm in part and reverse in part.

DISCUSSION

A. Indispensable Party

■ Wal–Mart initially urges that the judgment should be set aside because Bell was a "necessary and indispensable" party under Federal Rule of Civil Procedure 19.[2] Wal–Mart argues it is faced with a substantial risk of incurring double obligations within the meaning of Rule 19(a)(2)(ii). As the district court pointed out, there is little likelihood of this occurring. However, even if Bell were a necessary party, the proper procedure under Rule 19(a) is to give the parties an opportunity to bring in such a party, not to dismiss the action. *Warner v. First Nat'l Bank of Minneapolis*, 236 F.2d 853, 857–58 (8th Cir.1956). Bell, an Arkansas corporation, was within the venue and jurisdiction of the district court and could easily have been impleaded by Wal–Mart. Wal–Mart did not choose to do so. It merely raised the issue of indispensability, and then moved to dismiss the suit after the district court's joinder deadline had passed. Any notion that the district court erred in refusing to dismiss the suit in these circumstances is wholly without merit.

B. Merits

Wal–Mart raises several other issues relating to the judgment of liability. Specifically, Wal–Mart alleges that: (1) the court failed to provide the jury with complete and meaningful instructions on Wal–Mart's defense of agency by estoppel; (2) the court failed to instruct the jury that Ranger had the burden of proof; (3) the court erred in instructing the jury on an objective standard for notice of agency revocation; (4) the evidence was insufficient to support the verdict; (5) a new trial was warranted due to Ranger's failure to produce a "fleet lease" in discovery; (6) the verdict was perverse because the liability amount bore no rational relationship to damages sought, and; (7) the district court abused its discretion in granting Ranger an extension of time to respond to Wal–Mart's summary judgment motion.

■ None of these issues merits reversal. The jury instructions, as a whole, adequately stated the law applicable to this case.[3] *See Roth v. Black & Decker, U.S., Inc.*, 737 F.2d 779, 784 (8th Cir.1984). The evidence was sufficient to support a finding that Wal–Mart had notice at some point that Bell was not Ranger's agent for purposes of collection, but nevertheless continued to pay Bell. The verdict was not perverse given uncertainty as to the precise amount owed and debate as to when Wal–Mart had sufficient notice. The refusal to order a new trial as a sanction for alleged discovery abuse was not a clear abuse of discretion, *see Hazen v. Pasley*, 768 F.2d 226, 229 (8th Cir.1985); the relevance of the fleet lease is speculative and no prejudice

1. 49 U.S.C. § 10744 authorizes suit by a carrier subject to Interstate Commerce Commission jurisdiction to enforce a shipper's liability for unpaid shipping rates.

2. Wal–Mart's characterization of Bell as an "indispensable party" indicates a misunderstanding of Rule 19. An "indispensable party" is a person who should be joined but *cannot* be joined for reasons such as venue or jurisdiction. *See* Fed.R.Civ.P. 19(b). Wal–Mart concedes that Rule 19(a), not Rule 19(b), is implicated here.

3. Instruction No. 10 contained the elements of estoppel as set forth by Arkansas law. *See First*

*State Bank of Crosset v. Phillips*, 13 Ark.App. 157, 681 S.W.2d 408, 409 (1984). Instruction No. 8 properly stated that Wal–Mart could rely on the authority of Bell as an agent only until it was aware or "should have been aware" that the agency was revoked. *See Bland v. Fleeman*, 58 Ark. 84, 23 S.W. 4, 5 (1893). Finally, the court did not err in failing to instruct that Ranger had the burden of proof; Wal–Mart had the burden of proving payment as an affirmative defense in this case. *See* Fed.R.Civ.P. 8(c); *Pulpwood Suppliers, Inc. v. First Nat'l Bank of Stuttgart*, 21 Ark.App. 147, 729 S.W.2d 425, 427 (1987).

has been shown.[4] Finally, the extension of time to respond to the summary judgment motion was also within the district court's discretion and caused Wal–Mart no prejudice.

### C. Rule 37(d) Sanctions

Wal–Mart argues that the district court erred in ordering monetary sanctions for the failure of a Wal–Mart employee, Bryan Banks, to attend a deposition on May 26, 1989. Upon reconsidering its original sanctions order, the district court found that Banks' failure to attend caused Ranger no additional expense because Ranger's attorneys were able to take two other depositions that day, and because Ranger never attempted to reschedule Banks' deposition despite ample opportunity to do so before trial. Nevertheless, the court awarded Ranger $1000 for expenses incurred solely in pursuing the motion for sanctions. Wal–Mart argues that this was an abuse of discretion. We agree.

Rule 37(d)'s authorization of monetary sanctions is limited to reimbursement for reasonable expenses and fees "caused by the failure" of a party, or an officer, director, or managing agent of a party, to attend a deposition for which proper notice was given.[5] Because the sole purpose of Ranger's sanctions motion, filed well after trial had ended, was to recover expenses, the district court's finding that no such expenses had been incurred was, in effect, a denial of the motion. We find no authority in the Rules for awarding expenses of pursuing the motion in these circumstances. *Cf.* Fed.R.Civ.P. 37(a)(4) (authorizing award of expenses only for motions that are granted and "necessitated" by other party's conduct). Thus, even if Banks' behavior was subject to sanction under Rule 37(d),[6] the district court abused its discretion in awarding Ranger expenses for pursuing the motion.

### CONCLUSION

We affirm the judgment of the district court as to the liability of Wal–Mart for freight charges. We reverse the order of Rule 37(d) sanctions.

---

**4.** Wal–Mart cites no case, nor do we find any case, in which a court of appeals has reversed based on a trial court's *failure* to impose discovery sanctions in the form of a new trial. The proper procedure would have been for Wal–Mart to have sought an order compelling the disclosure of the document so that the trial court, and this court, could assess whether it included new and material evidence sufficient to warrant a new trial.

**5.** We disagree with the district court's conclusion that Rule 37 authorizes a court to order monetary awards solely to punish or deter a party who has failed to attend a deposition. *See Salahuddin v. Harris,* 782 F.2d 1127, 1130–31 (2d Cir.1986) ("Rule 37's statement that the court 'may make such orders ... as are just' may not be read expansively.").

**6.** There is some question as to whether Banks received reasonable notice of the May 26 deposition. Formal, written notices of the May 26 depositions were not received by Wal–Mart attorneys until May 24. *Cf. Lloyd v. Cessna Aircraft Co.,* 430 F.Supp. 25, 26 (E.D.Tenn.1976) (notice leaving only two working days for preparation unreasonable); *Stover v. Universal Moulded Products Corp.,* 11 F.R.D. 90, 91 (E.D. Pa.1950) (two days notice unreasonable). However, Wal–Mart attorneys had received informal notice of the proposed May 26 depositions on May 18, and had earlier received a 5–day (3–business day) notice of depositions to be held on May 22, which they were able to get Ranger to postpone.