Renan C. **PAGLIN**, et al., Plaintiffs,

v.

**SAZTEC INTERNATIONAL, INC.**, et al., Defendants.

No. 92–0350–CV–W–8.

United States District Court, W.D. Missouri, W.D.

Oct. 28, 1993.

C.W. Crumpecker, Jr., Neil L. Johnson, Kansas City, MO, for plaintiffs.

Lynne C. Kaiser, Rachel H. Baker, Kansas City, MO, for defendants.

### *ORDER*

STEVENS, Chief Judge.

This case is before the Court on defendants' motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction. The facts were explained in detail in the September 17, 1993 Order and will not be repeated here 834 F.Supp. 1184. In that Order, the Court granted plaintiffs leave to file an amended complaint. Defendants now move to dismiss the entire complaint on the basis that the amended complaint fails for want of subject matter jurisdiction.

The second amended complaint consists of six counts, which are all state law claims, including fraud, breach of contract, tortious interference with contract, and breach of fiduciary duty. The first complaint included federal law claims, which were dropped from the second complaint. The jurisdictional statement in the second amended complaint alleges diversity jurisdiction under 28 U.S.C. § 1332. The complaint states that plaintiff Paglin is a naturalized citizen who is a resident of the Philippines, plaintiff Global Office Technologies, Inc. (GOT), is a resident of Delaware, and the defendants are residents of California, Missouri, Florida and Texas.

■ Diversity jurisdiction under 28 U.S.C. § 1332(a) is available for all civil matters where the amount in controversy is over $50,000 and is between citizens of different states or citizens of a state and citizens of a foreign subject. The burden is on the plaintiff to prove that diversity of citizenship exists between the parties. *Hawes v. Club Ecuestre El Comandante,* 598 F.2d 698, 702 (1st Cir.1979).

■ In order to qualify for diversity jurisdiction, a party must be a citizen of the United States and a citizen of a particular state. *Sadat v. Mertes,* 615 F.2d 1176, 1180 (1st Cir.1980); *see Scott v. Sanford,* 60 U.S. (19 How.) 393, 405–06, 15 L.Ed. 691 (1857). A United States naturalized citizen who does not reside in the United States and who does not claim domicile in any particular state, is

not a "citizen of a state" for purposes of 28 U.S.C. § 1332. *Sadat v. Mertes,* 615 F.2d at 1180; *see Hammerstein v. Lyne,* 200 F. 165 (W.D.Mo.1912). In this case, plaintiff Paglin claims to be a resident of the Philippines. In his deposition, he does not claim domicile in any other state. Paglin deposition, pp. 4–5. He only states that he formerly lived in Texas, but does not claim residence there. *Id.* Since he does not claim residence in any state, he cannot maintain an action under diversity jurisdiction.

■ Paglin may argue that the Court should trace Paglin's history back to his last residence in the United States, which was in Texas. This, too, would be fatal to the exercise of diversity jurisdiction since complete diversity between the sides is required and one defendant also resides in Texas. *Stouffer Corp. v. Breckenridge,* 859 F.2d 75, 76 (8th Cir.1980).

■ Finally, Paglin may not take advantage of diversity jurisdiction for controversies between citizens of a state and citizens or subjects of a foreign country because he is a U.S. citizen and does not claim to be a subject of a foreign country. *See Sadat v. Mertes,* 615 F.2d at 1182–1184.

Since plaintiff Paglin cannot satisfy the rules for diversity jurisdiction, he cannot maintain an action as a plaintiff in this lawsuit.

■ Plaintiff GOT, a resident of Delaware, is diverse to all other defendants, and therefore satisfies the requirements for diversity jurisdiction. Plaintiffs argue that GOT should be allowed to continue with its claims even if plaintiff Paglin is dismissed. Defendants argue that GOT cannot proceed in this lawsuit alone because Paglin is an indispensable party under Fed.R.Civ.P. 19. A person is a necessary party when:

in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest in the subject of the action and is so situated that the disposition of the action is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave

any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed.R.Civ.P. 19(a). Paglin is the developer, principal shareholder and president of GOT. The allegations in this case involve the agreements with and representations to Paglin in the sale of GOT to defendant Saztec International, Inc. It is clear to the Court that if GOT were to proceed to trial on its claims, the same defendants would be exposed to another trial on the very same issues brought by Paglin. Moreover, Mr. Paglin could litigate issues in this case as president and principal shareholder of GOT, and then relitigate these issue in state court anew. This raises a very significant danger of inconsistent verdicts against defendants based on the same set of allegations.

 The Court has determined that Mr. Paglin is a necessary party to this action, but that he cannot join as a party because he has no independent jurisdictional basis by which to do so. Fed.R.Civ.P. 19. Plaintiffs would ask the Court to invoke supplemental jurisdiction under 28 U.S.C. § 1367 to hear Paglin's claims. However, § 1367 prevents a Court[1] from exercising supplemental jurisdiction over a plaintiff who is a necessary party under Rule 19 when exercising such jurisdiction would be inconsistent with the jurisdictional requirements under § 1332. As discussed above, Paglin cannot satisfy the requirements of diversity consistent with 28 U.S.C. § 1332. Therefore, under § 1367, the Court cannot exercise supplemental jurisdiction over Paglin's claims.[2]

 Having decided that Paglin may not be a party to this lawsuit, the Court must decide whether the Court should continue to hear this case in his absence. Rule 19 provides that where a necessary party cannot be joined, the Court must decide whether that party is *indispensable*, and, therefore, the case must be dismissed. Rule 19 provides that:

> If a person described in subdivision (a)(1)–(2) cannot be made a party, the court shall determine whether in equity and in good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by shaping the relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the action or remedy will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b). These factors are not intended to exclude other considerations, but instead are intended to allow the court to make a pragmatic determination of whether to proceed with a case. *See* Fed.R.Civ.P. 19 Committee Comments.

The key consideration in this case is the prejudice to the defendants if they are forced to defendant a federal lawsuit and then defend an almost identical one in state court. Although it is unlikely, defendants may be subject to the offensive use of collateral estoppel to prevent them from litigating issues they lose in the federal action. *See Parklane Hoisery Co., Inc. v. Shore*, 439 U.S. 322, 329–30, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979). More certain is that an adverse result in this case against defendants would be present

---

1. The statute uses the words "shall not."

2. Plaintiffs also ask the Court to exercise supplemental jurisdiction based on the federal claims alleged in the first petition. Those federal claims were dropped, for purely strategic reasons, when plaintiffs filed a second amended complaint. Once a pleading is amended, the previous pleading serves no purpose in the case. *Clodfelter v. Thuston*, 637 F.Supp. 1034, 1039 (E.D.Mo.1986). Plaintiffs' federal claims alleged in the first complaint have no effect at all in the case as it now stands. Therefore, they may not provide the necessary federal jurisdiction to support the exercise of supplemental jurisdiction. When faced with a motion for summary judgment on flawed federal claims, plaintiffs made a strategic choice to drop those claims rather than oppose the motion for summary judgment. They cannot now repudiate that decision in order to bootstrap their way into federal court.

unfavorable precedent for the state court case. Although any such precedent would not be binding, it would be persuasive. The clearest prejudice, however, is the duplication of efforts by all parties in trying both lawsuits. It is a waste of judicial resources, as well as the resources of *both* sides, to try this case twice. Nothing this Court could do could lessen these prejudicial effects.

The Court believes that the proper forum for this lawsuit is in state court, where all plaintiffs and all defendants can resolve all their claims at one time. Plaintiffs have not indicated that such a comprehensive suit in state court would not be possible. The Court cannot, in good conscience, allow this suit to proceed without Renan Paglin. The Court finds that he is an indispensable party and that this case must be dismissed for failure to join an necessary and indispensable party pursuant to Fed.R.Civ.P. 19(a). Accordingly, it is

ORDERED that defendants' motion to dismiss is GRANTED.