In re BRIDGE INFORMATION SYSTEMS, INC., et al., Debtors.

Sachs Electric Company, et al., Plaintiffs,

v.

Bridge Information Systems, Inc., et al., Defendants.

Jacobsmeyer–Mauldin Construction Co., Inc., Plaintiffs,

v.

Bridge Information Systems, Inc., et al., Defendants.

McCarthy Building Companies, Inc., Plaintiff,

v.

Bridge Information Systems, Inc., et al., Defendants.

Murphy Company, Plaintiff,

v.

Bridge Information Systems, Inc., et al., Defendants.

Siemens Building Technologies, Inc., Plaintiff,

v.

Bridge Information Systems, Inc., et al., Defendants.

Bankruptcy No. 01–41593–293.
Adversary Nos. 01–4176–293, 01–4177–293, 01–4178–293, 01–4179–293, 01–4217–293.

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

Aug. 24, 2001.

Gregory D. Willard, Bryan Cave, St. Louis, MO, Thomas J. Moloney, Deborah S. Whang, Sean A. O'Neal, David H. Herrington, Deborah M. Buell, New York City, for Bridge Information Systems, Inc.

Peter Lumaghi, Assistant U.S. Trustee, St. Louis, MO, Office of U.S. Trustee.

Leonora S. Long, St. Louis, MO, Office of U.S. Trustee.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

This case is before the Court on the motion of Bridge Information Systems, Inc. and its subsidiaries (the "Debtors") to consolidate five adversary proceedings pursuant to Bankr.R. 7042 and to order that certain parties be joined in the consolidated adversary proceeding as necessary parties for just adjudication of the adversary proceeding pursuant to Bankr.R. 7019. Debtors' motion is granted in part and denied in part.

### JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of these proceed-

ings pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409(a).

### PROCEDURAL & FACTUAL BACKGROUND

Debtors filed a petition with this Court on February 15, 2001 for relief under Chapter 11 of Bankruptcy Code. The Debtors conducted an auction of their assets in mid-April. This Court entered an Order on May 3, 2001 and a Supplemental Order on May 11, 2001 approving the Debtors' sale of substantially all of its assets to Reuters America, Inc. and Reuters, S.A. (collectively "Reuters") free and clear of any liens pursuant to 11 U.S.C. § 363 (the "Sale Order"). The sale to Reuters will close sometime on or after August 31, 2001.

The Sale Order mandates that as adequate protection under 11 U.S.C. § 363(e), a portion of the proceeds of the sale shall be placed in a segregated account in favor of certain creditors who had filed mechanics' lien statements pursuant to Missouri's Mechanics' Lien Act, Mo.Rev.Stat. §§ 429.005–429.360 (2000) on five tracts of land that are subject to the sale to Reuters (the "Real Property"). (Sale Order ¶ 36). The Sale Order specifically provides that the asserted liens of the following creditor will attach to a segregated account funded by sale proceeds as follows:

| Lien Claimant | Amount of Sale Proceeds Segregated | Property Subject to the Asserted Lien |
| --- | --- | --- |
| Air Master Corporation ("Air Master") | $ 269,097.09 | Unknown [1] |
| Sachs Electric Company ("Sachs") | $2,945,142.50 | 700 Parkway Office, 708 Office Parkway, 717 Office Parkway, 795 Office Parkway |
| Jacobsmeyer–Mauldin Construction Company, Inc. ("JMC") | $ 207,600.16 | 587 James S. McDonnell Blvd. |
| Murphy Company Mechanical Contractors & Engineers ("Murphy") | $ 730,454.75 | 587 James S. McDonnell Blvd. |
| McCarthy Building Companies ("McCarthy") | $ 507,821.23 | 700 Office Parkway, 788 Office Parkway |
| Siemens Building Technologies ("Siemens") | $ 139,579.20 | 587 James S. McDonnell Blvd. |

These segregated funds will be held in trust for the benefit of each specified lienholder and the Debtors' estate, including any other lienholder claiming an interest in such funds. (Sale Order ¶ 36). Further, the segregated funds will be paid to the respective lien claimant to the extent that such claimant's asserted lien on the Debtors' property is valid and senior to any other lien, irrespective to any lien that may be *pari passu* to the claimant's lien. (Supplemental Sale Order p. 2).

1. Air Master has not filed an adversary complaint. Thus, the property that is subject to its lien is not apparent from the record.

After this Court entered the Sale Order on May 11, 2001, several other entities have asserted mechanic's liens claims or have sent notice to the Debtors as required by Missouri law indicating its intention to file a mechanic's lien claim on the Real Property. The Debtors did not list at least some, if not all, of these entities as creditors because these entities were subcontractors and were not in privity of contract with the Debtors. Therefore, it is likely that these entities did not receive notice of the hearing on the Debtors' proposed sale to Reuters beyond the publication notice in the national edition of the April 4, 2001 *Wall Street Journal.*

Sachs, JMC, Murphy, McCarthy and Siemens have filed individual adversary complains naming the Debtors and the respective mortgagees on the various parcels of Real Property seeking a determination from this Court that their respective mechanics' liens are valid and have first priority, notwithstanding any other mechanics' lien that may be *pari passu* with such lien. Accordingly, each entity is claiming that it is entitled to the amount in the segregated accounts established in ¶ 36 of the Sale Order.

Debtors filed this motion requesting that this Court (i) consolidate all of the adversary complaints into one proceeding pursuant to Bankr.R. 7042; and (ii) require the joinder pursuant to all parties with any interest in any of the parcels of the Real Estate pursuant to Bank. R. 7019. All of the Plaintiffs in the adversary complaints, excluding Siemens, objected to this motion. For the following reasons, this Court will grant the Debtors' motion in part and deny it in part.

## DISCUSSION

### A. Debtors' Motion to Consolidate

The Debtors base their motion on the premise that Missouri law governs with respect to the validity and priority of mechanics' lien claims within bankruptcy. Neither party disputes that under Missouri's Mechanics' Lien Act, a party wishing to enforce its mechanic's lien against a piece of property must join all parties with an interest in the property into one consolidated action. *State ex. rel. Clayton Greens Nursing Center v. Marsh,* 634 S.W.2d 462, 465 (Mo. banc 1982); Mo. Rev.Stat. § 429.270 (2000). Because the Debtors' motion to consolidate and join necessary parties, however, relates to the particular mechanism of enforcing the Plaintiffs' mechanics' liens, federal law, not state law applies with respect to the Debtors' motion.

It is true that disputes related to the validity and priority of a mechanic's lien within a bankruptcy proceeding are governed by state law. *Ritz–Craft Corp., Inc. v. National Electric Benefit Fund (In re Elm Ridge Assoc.),* 234 F.3d 114, 120 (2d Cir.2000). However, as the Plaintiffs point out, they are not seeking to enforce their mechanics' liens under the Missouri Mechanics' Lien Act. Rather, in filing their adversary complaints, the Plaintiffs are attempting to enforce their respective rights under 11 U.S.C. § 363(e) and ¶ 36 of the Sale Order. Thus, although the substance of Plaintiffs' rights is governed by Missouri law, the enforcement of those rights in a Federal Court is a matter of federal law. *See See v. Emhart Corp.,* 444 F.Supp. 71, 73 (W.D.Mo.1977). Accordingly, Missouri's enforcement statute, Mo. Rev.Stat. § 429.270, is not applicable to the instant proceedings.

Although Missouri's enforcement statute is not applicable, this Court must still examine federal law to determine whether consolidation is appropriate. Fed. R. Civ. Proc. 42 governing the consolidation of claims is made applicable to all adversary proceedings under the Bank-

ruptcy Code by Bankr.R. Proc. 7042. Rule 42(a) gives trial courts broad discretion and flexibility in consolidating separate actions. *Fed. Deposit Insurance Corp. v. Union Entities (In re Be–Mac Trans. Co.)*, 83 F.3d 1020, 1025 (8th Cir. 1996); *Pittman v. Mem'l Herman Healthcare*, 124 F.Supp.2d 446, 449 (S.D.Tex. 2000). This includes consolidating some, but not all, of the underlying issues in separate actions. *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 746 F.2d 278, 287 (5th Cir.1984) *quoting* 5 Moore's Federal Practice ¶ 42.03[3] *rehg. granted on other grounds* 760 F.2d 86 (5th Cir.1985); *aff'd* 784 F.2d 665 (5th Cir.) (en banc) *cert. denied* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

■ A prerequisite for consolidation of separate actions under Rule 42(a) is the presence of common questions of law and fact in those actions. *Lyons v. Andersen*, 123 F.Supp.2d 485 (N.D.Iowa 2000). Once the moving party establishes the presence of common questions of law and fact, the court must weigh the savings of time and effort that consolidation would promote against any inconvenience, delay or expense that consolidation would cause to the parties and the Court. *Tower Cranes of America v. Public Service Co.*, 702 F.Supp. 371, 376 (D.N.H.1988). Ultimately, the movant must demonstrate that consolidating the two actions will promote judicial convenience and economy. *Lyons*, 123 F.Supp.2d at 488.

■ Here, there is a common question of fact with respect to some of the individual parcels of real estate in question. Under Missouri law, all mechanics' liens have preference over any other encumbrances that are perfected subsequent to the first date that any person begins the improvement on the property. *Butler Supply, Inc. v. Coon's Creek, Inc.*, 999 S.W.2d 748, 750 (Mo.Ct.App.1999); Mo. Rev.Stat. § 429.060. Thus, any mechanic's lien with respect to an improvement on a particular piece of property relates back in time to the date when any person began the work on the improvement regardless of when the specific lien was filed or when the lienholder began its work. *Id.* This rule is known as the "first spade rule" because all mechanics' liens with respect to one improvement date back in time to the first stroke of the spade on the project. The fist spade rule, however, does not apply to purchase money deeds of trust that secure the payment of a loan used to purchase the land upon which the improvement is erected. *Id.*

■ Clearly, the issue of the priority of each lien on each respective parcel of property presents common questions of law and fact. Under Missouri's first spade rule, the priority of each of mechanic's lien on each respective parcel will relate back to the first date when any work began on each property. Also, the priority of all of the Plaintiffs' mechanics' liens on each property may depend on whether the respective deeds of trust on the property are purchase money deeds of trust.

■ The Plaintiffs contend that consolidation is inappropriate in the instant case because they brought their adversary complaints under U.S.C. § 363 to determine the validity and priority of their respective mechanics' liens. It is true that a court must determine the validity and priority of a lien for the purposes of ascertaining whether the creditor is entitled to adequate security under 11 U.S.C. § 363(e) prior to approving a sale free and clear of such lien in an expedited manner. *In re Megan–Racine Assoc., Inc.*, 192 B.R. 321, 325 (Bankr.N.D.N.Y.1995) *rev'd on other grounds* 198 B.R. 650 (N.D.N.Y.) *rev'd* 102 F.3d 671 (2d Cir.1996). The rationale underlying this principle is that

time is usually of the essence in selling the debtor's assets under 11 U.S.C. § 363. *See* 2 Collier on Bankruptcy ¶ 363.06. In the instant case, however, this Court has already approved the sale to Reuters free and clear of the mechanics' liens. Therefore, the need for an expedited determination of the validity and priority of the Plaintiffs' mechanics' liens is simply not present here.

The Plaintiffs further argue that because their adversary complaints are simply a mechanism to determine the validity and priority of their mechanics' liens, consolidating the actions is not proper. However, as Plaintiffs themselves observe in their memorandum in opposition, under the first spade rule, this Court must determine the priority of each of the Plaintiffs' liens with respect to each parcel of property by examining when any person first performed work on the property. Thus, determining the priority of each individual mechanic's lien with respect to each individual piece of property cannot be done solely by examining what work each individual Plaintiff performed on the property.

The Court finds that consolidating the adversary complaints with respect to each individual parcel of property will promote judicial economy and efficiency. The Court finds that there are important common questions of law and fact relating to the priority of the mechanics' liens on each individual parcel of property. Also, the Court does not find that consolidating the actions with respect to each parcel of property will cause undue delay or expense to the parties or the Court. Accordingly, the pending adversary complaints shall be consolidated with respect to each individual parcel of property.

The Court notes this ruling shall not strip the individual adversary complaints of their separate identities. *Harcon Barge Co., Inc.,* 746 F.2d at 287. Rather, all issues that relate to the individual parcels of the real estate shall be merged into one hearing or trial as the case may be.

## B. Debtor's Motion to Join Necessary Parties

Debtors have requested in their motion that any entity with an interest in the affected properties be joined into the adversary complaints. As with the consolidation issue, although Missouri's enforcement statute does not apply, this Court must still examine whether joinder is required under Federal law. Fed. R. Civ. Proc. 19 governing the joinder of person needed for just adjudication is made applicable to all adversary proceedings under the Bankruptcy Code by Bankr.R. Proc. 7019. Although the joinder of all persons with an interest in the Real Property is not proper under Rule 19, this Court finds that the joinder of any person or entity claiming a mechanic's lien on the property in required by Fed. R. Civ. Proc. 19(a)(2)(i).

▬▬ Rule 19(a)(2)(i) states in relevant part:

> a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if...
>
> > (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may
> >
> > > (i) as a practical matter impair or impede the person's ability to protect that interest.

The movant has the burden of showing that the absent party is needed for just adjudication under Rule 19. *John Hancock Property & Casualty Co. v. Hanover*

*Ins. Co.,* 859 F.Supp. 165, 168 (E.D.Pa. 1994).

The Plaintiffs contend that because only the Plaintiffs listed in ¶ 36 of the Sale Order are entitled to the segregated funds if they prevail in the adversary complaints, the interest of absent mechanics' lienholders is not at issue and accordingly they are not necessary parties. However, even assuming the absent lienholders are not entitled to the segregated accounts, the absent lienholders' property rights are certainly at issue in these adversary complaints. As outlined above, under the first spade rule, the date of perfection of all mechanics' liens on a single parcel of property relates back in time to when the first work was done on a particular project. Also, the determination of whether the various deeds of trust are purchase money deeds of trust may be a factor in determining the relative priority of all mechanics' lienholders, including the absent lienholders.

■ An absent party whose interest will be affected by the outcome of the action is a necessary party to the action under Rule 19(a)(2)(i). *Smith v. American Federation of Musicians,* 46 F.R.D. 24, 27 (S.D.N.Y.1968). This is true even if the absent party is not technically bound by the outcome of the action. *Paglin v. Saztec Int'l, Inc.,* 834 F.Supp. 1201, 1204–05 (W.D.Mo.1993). This is because as a practical matter, an unfavorable outcome in the present action would very likely be persuasive in subsequent litigation. *Id.* at 1205. Also, federal court must be especially diligent when a particular property right of the absent party is at issue. 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1618 (3d ed.1997).

Here, the pending adversary proceedings may very well affect the absent parties' interest in the Debtors' real estate.

Accordingly, the absent lienholders are necessary parties to the pending adversary complaints under Rule 19(a)(2)(i).

This Court also finds that not only are the absent lienholders' property interest at stake in the pending adversary complaints, but also the absent lienholders may have an interest in the segregated funds. Paragraph 36 of the Sale Order states that the proceeds in the segregated accounts shall be held in trust for the designated lienholder and any other lienholder claiming an interest in the proceeds. If the proceeds from the sale of the property does not satisfy all mechanics' lienholders, the proceeds of the sale will be distributed on a *pro rata* basis. *Hanenkamp v. Hagedorn,* 110 S.W.2d 826, 829 (Mo.Ct.App. 1937). Thus, there is a possibility that under ¶ 36 of the Sale Order, the absent lienholders may have a claim on the proceeds placed in the segregated accounts. Clearly, any person who may have a claim on a pool of funds that is the subject of an action is a necessary party to that action under Rule 19(a)(2)(i). *Provident Tradesmens Bank & Trust v. Patterson,* 390 U.S. 102, 108, 88 S.Ct. 733, 737, 19 L.Ed.2d 936 (1968).

■ Because the pending adversary complaints may affect the absent mechanics' lienholders' rights in the Debtors' real property and because the absent mechanics' lienholders may have an interest in the segregated funds, this Court finds that those lienholders are necessary parties to the pending adversary complaints under Rule 19(a)(2)(i). This Court, however, finds that the Debtors have failed to carry their burden in establishing that any other person or entity with an interest in the real estate in a necessary party to the pending adversary complaints.[2]

Rule 19(a) requires that any necessary party be joined in the action if such joinder

---

**2.** Debtors specifically request that Savvis

Communications ("Savvis") be joined as a

does not deprive the court of subject matter jurisdiction over the action and the absent party is subject to service of process. Here, because the adversary complaints are core matters under 28 U.S.C. § 157(b)(2)(A), joining the absent mechanics' lienholders in the adversary complaints will not deprive this Court of subject matter jurisdiction over the actions. Also, each of the parcels of property subject to the liens is located within St. Louis County, Missouri. Thus, it does appear that each of the absent lienholders is subject to service of process and the jurisdiction of this Court. *See Land–O–Nod Co. v. Bassett Furniture Industries, Inc.,* 708 F.2d 1338, 1341 (8th Cir.1983). Therefore, the parties shall join the absent mechanics' lienholders into the pending adversary complaints. *See Ranger Transp. Inc. v. Wal–Mart Stores,* 903 F.2d 1185, 1186 (8th Cir.1990).

### C.  *Continuance of Trial Setting*

All five of the adversary complaints are scheduled for trial on September 17, 2001. Because additional parties must be joined pursuant to Rule 19(a)(2)(i), the Court hereby continues the trial setting for the consolidated adversary proceedings until December 18, 2001, at 9:30 a.m. with all discovery completed by November 30, 2001.

An Order consistent with this Memorandum Opinion will be entered this date.

---

necessary party to the pending adversary complaints. The basis of Debtors' assertion is that under a ground lease between Savvis and one of the debtors, Bridge Data Corp., Savvis is responsible to Bridge Data for any claims of the contractors and suppliers on the 587 McDonnell Boulevard property. Thus, Savvis' interest in the pending adversary complaints is based solely on its potential liability to Bridge Data under the ground lease. Accordingly, Savvis is not a necessary party to the adversary complaints, but rather, it is Bridge Data's obligation to join Savvis as a third-party defendant under Fed. R. Civ. Proc. 14(a).